MARTHA GOURLEY v. JONATHAN WOODBURY AND OTHERS.

*Vested and Contingent Remainders. Trustees. Cestui que Trust. Deed.*

Where a deed conveys a use for life to one with remainder to another, it is to be construed, according to the great weight of authority, as vesting the remainder immediately upon the date of the deed, unless the express words of the deed absolutely forbid such an interpretation.

A trustee in a trust deed holds for each *cestui que trust* just so much estate as each *cestui* would have held under a deed in the same terms but providing for no trustee.

The deed of William and Mary Woodbury conveyed the "river farm" to George Worthington in trust for the use of said Mary during her life-time, "and at the decease of said Mary, the said land and premises to be and become the property of the five children of the said William and Mary and their legal representatives in equal shares. The said premises to be held by the said trustee and his successor until the decease of the said Mary." *Held,* that the deed vested the remainder immediately upon its execution and delivery. Therefore one of the five children having deceased at the date of the deed, leaving a son, the deed must be understood as referring to him as one of the five takers of the remainder; and this son having deceased before the said Mary leaving his mother as sole heir, she would be entitled to one fifth of the premises and partition accordingly.

THIS was a petition for partition of real estate. At the March term, 1869, PECK, J., presiding, the action was entered, and the question as to the right and title of the respective parties in the premises was tried, on an agreed statement of facts in writing. The petitioner claimed to be the owner of one undivided fifth part of the premises, and the petitionees insisted that the petitioner had no right, title or interest in the premises. The court decided that the petitioner was the owner of one undivided fifth of the premises, and rendered judgment that partition be made accordingly, and that commissioners should be appointed for that purpose, agreeably to the provisions of the statute. The only question made on the hearing was as to the title of the plaintiff as above

stated; and to the decision of the court on that point, and the consequent ordering of partition, the petitionees excepted.

"*Agreed Case.*—Mary Woodbury owned in her own right the " river farm," so called, of the late Jonathan Ayers, which farm she and her husband, Wm. Woodbury, conveyed to George Worthington, in trust; said deed dated March 13, 1847. At the date of said deed, four children of the said William and Mary Woodbury, viz.: Jonathan A. Woodbury, Maryette Woodbury, Eliza Aldrich, Edwina Bailey, wife of Socrates Bailey, were living; and one child, William S. Woodbury, had deceased, leaving a son, as hereinafter stated. The said Mary Woodbury deceased August 10, 1868, and at the time of her decease Jonathan A. Woodbury, Maryette Woodbury, and Edwina Bailey were living; Eliza Aldrich had deceased, leaving as her heirs and legal representatives her daughters Mary Aldrich and Sarah J. Doten, wife of Alden Doten. The said William S. Woodbury married the petitioner, Martha Gourley, December 18, 1842. Charles E. Woodbury was the son of the said William S. Woodbury and the petitioner. The said Charles E. Woodbury was born September 29, 1843, and died December 2, 1862. The petitioner, after the decease of the said William S. Woodbury, married one Gourley, now deceased. The petitioner claims that she is the legal heir and representative of her son Charles E. Woodbury, who was living at the date of the deed from William and Mary Woodbury, and who was heir and legal representative of William S. Woodbury, and that she is therefore the owner of one fifth part of the " river farm." The defendants deny the validity of the claim of the petitioner, and that she has any interest in said farm by virtue of the facts above stated."

Extract from deed dated March 13, 1847, of William Woodbury and Mary his wife, of the premises described in the petition, to George Worthington, in trust:

" *Habendum*—To have and to hold said premises, with the appurtenances, to the said Worthington and his successors, as aforesaid, for the use and benefit of the said Mary during her lifetime, and to pay debts of her contracting, and for her support since she left the dwelling-house of the said William; and at the decease of the said Mary, the said land and premises to be and become the property of the five children of the said William and Mary, and their legal representatives, in equal shares. The said premises to be held by said trustee and his successors until the decease of the said Mary."

*Heaton & Reed* and *Randall & Durant*, for the petitionees.

*Heman Carpenter*, for the petitioner, cited *Sherman* v. *Dodge*, 28 Vt., 26; *Gaines* v. *Strong*, 40 Vt., 354; *Flagg* v. *Eames*, 40 Vt., 16; *Ford* v. *Flint*, 40 Vt., 382.

The opinion of the court was delivered by

STEELE, J. I. The deed of March 13, 1847, from William Woodbury and Wife, conveys the "river farm" to George Worthington in trust, for the use of the said Mary during her life time, "*and at the decease of said Mary, the said land and premises to be and become the property of the five children of the said William and Mary and their legal representatives in equal shares. The said premises to be held by the said trustee and his successors until the decease of the said Mary.*" At the date of the deed one of the five children was already deceased. His son and legal representative, Charles E. Woodbury, was living. In this condition of things, the deed must be understood as referring to him as one of the five takers of the remainder. Had the five children and their legal representatives been named, the deed would have read, "and at the decease of the said Mary the said land and premises to become the property of the five children of the said William and Mary and their legal representatives, namely, Jonathan A., Maryette, Eliza, Edwina, and Charles E., only son of William S. deceased." The deed distinctly pointing out and describing these parties has the same effect as if it had expressly stated their names, and declared them to be the beneficiaries under the trust. This proposition is not open to debate if the deed is construed as vesting the remainder immediately upon its execution and delivery.

II. The petitioner, who is the mother and sole heir and representative of Charles E. Woodbury, claims one fifth of the farm in his right. The said Charles E. died in 1862, six years before the decease of Mary Woodbury. The deed provides for a life estate in Mary, with a remainder over at her decease. If this remainder vested the estate *at the date of the deed* in the said Jonathan, Maryette, Edwina, Eliza, and Charles E., subject only to the charge

of a life-estate in Mary, or subject to what is equivalent to a life-estate, namely, a trust estate in Worthington "for the use and benefit of the said Mary during her lifetime," then there is no question but such vested estate in Charles E. would pass to the petitioner, who is his heir and legal representative. If, on the other hand, the remainder did not vest *until the decease of the said Mary*, and the deed were to be so construed as to give one fifth of that remainder to the person who should at Mary's decease be the legal representative of William S. Woodbury, then there could be no question but the petitioner must fail, for she is the widow of the said William S. and not his legal representative.

At what time did this remainder vest? This is mainly a question of authority. The fact that it was a trust deed has no special significance. The trustee held for each *cestui que trust* just so much estate as such *cestui* would have held under a deed in the same terms, but providing for no trustee. The great weight of authority is to the effect that a deed conveying a use for life to one, with remainder to another, is to be construed as vesting the remainder immediately upon the date of the deed, unless the express words of the deed absolutely forbid such an interpretation. Language almost precisely like that of this deed has been repeatedly and almost uniformly held to convey a vested and not a contingent remainder.

In *Leeming* v. *Sherratt*, 2 Hare, 14, 23, the vice-chancellor said, "If there is any case which decides, as an abstract proposition, that a gift of a residue to a testator's children, upon an event which afterwards happens, does not confer upon those children an interest transmissible to their representatives, merely because they die before the event happens, I am satisfied that case must be at variance with other authorities." And in that case, the fact that the estate over was given to all the testator's children as tenants in common, was regarded as decisive in favor of an intention that the devisees should take vested interests. In *Dingley* v. *Dingley*, 5 Mass., 535, the rule is thus stated: "For it is a rule of law that a remainder is not to be considered as contingent, where it may be construed, consistently with the testator's intention, to be vested." In *Lane* v. *Goudge*, 9 Ves., 225, it was held that a be-

quest to A for his second daughter, that he shall have born, for her education till she shall arrive at the age of twenty-one, and after that to her and her heirs forever, vested in such second daughter, though she died before attaining twenty-one. REDFIELD, J., lays down the following proposition as the general force of the more recent English cases : " That no estate will be held contingent unless very decisive terms of contingency are used in the will, or it is necessary to hold the same contingent in order to carry out the other provisions and implications of the will." 2 Red. on Wills, 627.

The result is that we hold the petitioner entitled to one fifth of the premises and to partition accordingly.

The judgment of the county court is affirmed and the cause remanded to be perfected.