MARTHA GOURLEY *v.* JONATHAN WOODBURY AND OTHERS.

*Petition for Partition.     Power of Commissioners.     Jurisdiction.*

Commissioners appointed to make partition of land are not empowered to determine any question of right, title, or interest as between the parties among whom they are to make the proposed partition. That is to be done in the county court, preliminary to the judgment for partition.

The commissioners in this case properly refused to hear evidence that certain buildings on the land to be divided were the property of the defendant as against the other parties entitled, and were not part of the realty; and, having reported that they had disposed of the property, under their commission, according to the right of each of the owners as it had been adjudged, the county court properly made the same refusal.

The opinion of the court was delivered by

BARRETT, J.   By reference to this case as reported in 42 Vt., 395, and from the present argument, we learn that it is a petition for partition, in which the property sought to be divided is described by a designation that sufficiently identifies the land to be divided, and the respective title and interest of each owner are correctly stated.   The matter of that title and interest was litigated and determined when the case was before us a year ago.   It was remanded to the county court to have partition made conformably to that decision, as provided by the statute in that behalf. Commissioners were appointed and proceedings went on in due course.   Before the commissioners, the defendant, Jona. A. Woodbury, claimed, and offered evidence to show, that certain buildings standing on said land were his property, as against the other parties entitled, in succession to Martha Woodbury, and were not part of the realty.   That claim the commissioners did not entertain, and declined to hear the evidence offered to maintain it.   The county court also refused to hear said evidence and to protect said Jonathan in his claim to said barns.   Thereupon exception was taken and the case is now before this court.   We think it was not the province of the commissioners to entertain that claim.   They are not empowered to determine any question of right, title, or interest, as between the parties among whom they are to make the proposed partition.   That is to be done in the county court, preliminary to the judgment for partition.   This is clearly shown by

12

§ 7, ch. 45, Gen. Stat., and the provisions in preceding sections. The "just share thereof according to his right," which, by § 8, the commissioners are to set out to each owner, is to be determined by the county court, under the provisions of the preceding sections of that chapter, and not by the commissioners.

The buildings named would be regarded by the commissioners as part of the realty, unless they had been otherwise adjudged by the county court, before issuing the commission. As they had, according to their report, made disposition of the property, under their commission, according to the right of each of the owners, as it had been adjudged, of course the county court had nothing to do but accept said report and render the proper judgment thereon, without regarding the claim thus unseasonably made.

The judgment is affirmed.

*H. Carpenter*, for the plaintiff.

*Heaton & Reed* and *Randall & Durant*, for the defendant.