IDEMA, Trustee, Respondent, vs. COMSTOCK, Appellant.

*February 1—February 19, 1907.*

*Appeal: Findings of fact by referee: Partition of land: Sale.*

1. The decision of a referee, confirmed by the circuit court, as to a pure matter of fact will be given the same dignity, on appeal, as any conclusion of fact by a trial court.
2. The test as to whether a partition of lands in kind would result in "great prejudice to the owners," within the meaning of sec. 3119, Stats. (1898), is whether the value of the share of each would be materially less than his share of the money which could probably be obtained on a sale of the whole.

3. The finding of a referee that partition in kind of two forty-acre tracts of timber land between two persons, one owning a two-thirds and the other a one-third interest, could not be made without great prejudice to the owners, is *held* not to be against the clear preponderance of the evidence.

APPEAL from a judgment of the circuit court for Vilas county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

The appeal is from an order confirming the report of a referee in an action for partition of real estate and directing a sale of the premises.

The action was brought for the partition of the northeast quarter of the southeast quarter and the southwest quarter of the southeast quarter of section number twenty (20), township number forty-four (44) north, of range number five (5) east, in Vilas county, Wisconsin, the plaintiff being the owner of an undivided two-thirds interest and the defendant *J. M. Comstock,* as appeared by the pleadings, being the owner of an undivided one-third interest. The only contest was as to whether the property could be partitioned between the parties without a sale of the same, plaintiff affirming that such sale was necessary and the said defendant that it was not. Such proceedings were duly had that an order for a partition of the property was made and the controversy as to whether a sale was necessary in order to make such partition was duly referred to George Hart, in compliance with sec. 3110, Stats. (1898). Such proceedings were duly had in execution of the reference that a report was made to the court that the premises were so situated and of such character that a partition thereof could not be made without great prejudice to the owners. The finding on the question of fact was excepted to by the defendant. The court confirmed the referee's decision and directed a sale of the premises, and defendant appealed.

The cause was submitted for the appellant on the brief of *E. G. Comstock,* attorney, and *J. H. Roemer,* of counsel.

*A. W. Sanborn,* for the respondent.

MARSHALL, J.   The sole question here is this: Is the find-
ing of the referee, that neither the premises nor any distinct
portion thereof is so situated that a partition thereof can be
made without great prejudice to the owners, against the clear
preponderance of the evidence?

The subject with which the referee had to deal was a pure
matter of fact, therefore his decision, confirmed by the circuit
court, must be given the same dignity on appeal as is required
by the established practice as to any conclusion of fact made
by a trial court.

True, as argued by counsel for appellant, the judicial rule
of long standing is that a sale should not be made for the pur-
poses of partition unless that is necessary in order to protect
the parties from serious loss.   That rule was developed and
established in equity.  4 Pomeroy, Eq. Jur. (3d ed.) §§ 1387,
1390.   We need not investigate the decisions in that field be-
cause the equitable rule has been made a matter of written law
providing for a sale for the purposes of partition only when
a partition in kind would result in "great prejudice to the
owners."   Sec. 3119, Stats. (1898).   The term "great preju-
dice to the owners" refers to pecuniary loss.   That was the
view taken in *Vesper v. Farnsworth,* 40 Wis. 357, where a
guide is found for administering the statute, phrased thus:
The court should "ascertain whether, if the premises be par-
titioned, the value of the share of each owner will be mate-
rially less than his or her probable share of the purchase
money in case the premises are sold.   If so, a sale will be
proper, for the injury which will warrant a sale we under-
stand to be a pecuniary injury."   So the established test of
whether a partition in kind would result in "great prejudice
to the owners" is whether the value of the share of each in case
of a partition would be materially less than his share of the
money equivalent that could probably be obtained for the
whole.

An examination of the evidence satisfies us that the referee,

and the trial court in confirming the former's report, applied
the law as above indicated.   The evidence was directed to the
situation of the property and its physical characteristics, nec-
essarily controlling the question of whether it was practicable
to divide the same between the parties according to their re-
spective interests, giving to each his share, quantity and qual-
ity relatively considered, without materially lessening the
money value of, the several interests.   Our examination of the
evidence also satisfies us that the referee and the court appre-
ciated the rule that the burden of proof to establish the statu-
tory requisite to a sale was on the party alleging the same.
So, as indicated at the outset, the case comes down to the
simple proposition of whether the decision complained of has
sufficient support in the evidence that it cannot be rightly said
to be contrary to the clear preponderance thereof.

It does not seem that we should recite the evidence in detail
in this opinion for the purpose of demonstrating the correct-
ness of the conclusion to which we have arrived.   Such dem-
onstration it is thought should be avoided where there are no
special circumstances calling therefor.   There are none in
this case.   Several witnesses were examined and cross-ex-
amined.   All of them were called by the respondent.   The
general effect of their evidence is that the two forties of land
are located at a considerable distance from any settlement; are
chiefly valuable for the timber thereon; that a partition be-
tween the parties would result in one becoming the owner
of one and a fraction of a forty-acre tract, the other the
possessor of a small fraction of such a tract; that such fraction
would not be, under the circumstances characterizing the land
in question, ordinarily salable at the full value which it would
represent as a part of a considerable body of land; that large
bodies of land are more salable than small ones; and that a
mere small fraction of a government subdivision, except in
special circumstances, is not salable at all.   The evidence in
the whole has been carefully examined, and though, it is true,

the necessity for a sale is not as definitely established as one would like to see in such a case, it is not without merit to an extent warranting us in holding that the finding complained of is against the clear preponderance of the evidence.

*By the Court.*—The judgment is affirmed.

TIMLIN, J., took no part.