KLUTHE, Appellant, v. HAMMERQUIST, et al, Respondents.

(188 N. W. 749.)

(File No. 4998. Opinion filed June 13, 1922.)

1. **Partition—Sale of Heirship Land in Lieu of Partition, Widow Demanding Partition of One Tract—Sale, Whether Violative of Constitution Re Due Process—Statute—Absolute Right to Partition Sale, When Existent, Burden of Proof Re.**

In the light of Sec. 2798, Code 1919, providing for partition actions and authorizing sale of realty in whole or in part, "if it appear that a partition cannot be made without great prejudice to the owners," held, that this and similar statutes are not deemed violative of any constitutional right such as due process (Const., Art. 6, Sec. 2) when properly construed and applied; that while their primary purpose is to provide for just partition of real property itself, and for its distinction in whole or in part, unless it appears that such cannot be made "without great prejudice to the owners," yet partition sale is matter of absolute right when conditions prescribed by statute to authorize sale exist, but burden of proof is on party asserting such right. So held, where plaintiff, a widow was entitled to an undivided 4/12 interest, while the eight children were entitled each to an undivided 1/12 interest; one parcel of the land adjoining the farm of her husband and also the farm of one of the heirs who desired an opportunity to purchase it at partition sale, and who guaranteed to bid a sum in excess of its value as estimated by the widow, and each of said heirs thus having a special interest so that they might become competitive bidders at a sale, but the widow claiming the land might be partitioned between those two at its fair sale value.

2. **Same—Conditions Calling for Sale, Finding Re, Weight of.**

An adjudication by trial court that conditions are such as call for sale on petition for partition of lands, is entitled to great

weight on appeal; yet if it appears land was decreed sold without sufficient cause, appellate court should reverse.

3. **Same—Partition in Kind, Prejudice Re, Test Whether Value of Share Less Than Money Equivalent.**

The generally accepted test of whether partition in kind would result in great prejudice to owners, is whether value of share of each in case of partition would be materially less than his share of money equivalent that could probably be obtained for the whole.

4. **Same—Interests of All, Not One, Controlling.**

A partition sale should not be decreed merely to advance interests of one owner; court should ascertain that interests of all would thereby be promoted.

5. **Same—Co-owner's Prospective Bid in Excess of Market Value, Effect Re Right of Other Co-owners to Hold Tract—Fractional Interest, Owner's Right to Demand Remaining Interests at Less Than Petition Sale Price.**

The fact that one co-owner will bid at petition sale in excess of market value of land, does not sustain contention of other co-owners that the inherent right of ownership of one's own property is lost by refusing to decree partition in kind rather than a sale; especially when, as in instant case, the party claiming right to demand that the remaining interests be partitioned to her at a value less than could be obtained at partition sale, owns only a 1/12 interest; and she may not require such partition where it will deprive co-owners of their legal title for a consideration much less than may be obtained by sale.

Appeal from Circuit Court, Pennington County.   Hon. WALTER G. MISER, Judge.

Action by Erma M. Kluthe, against Marie Hammerquist and others, for a partition of realty.   From a judgment for defendants and directing sale of the realty and distribution of proceeds, plaintiff appeals.   Affirmed.

*Bangs & Wood,* for Appellant.

*Schrader & Lewis,* for Respondents.

(1)   To point one of the opinion, Appellant cited:   Ryan v. Egan (Utah), 72 Pac. 933; Talbot v. Campbell (Ky.), 67 S. W. 53; 30 Cyc. 263.

SMITH, J.   This is an appeal from a judgment in a partition suit directing the sale of real estate and distribution of the proceeds, in lieu of a sale of certain portions of such real estate and the distribution of a certain tract to appellant.   The parties to

the suit are the widow and heirs of one Peter A. Hammerquist, deceased. It is conceded that the widow owns an undivided four-twelfths interest in all of said real estate, and each of the eight children owns an undivided one-twelfth interest therein.

The trial court ordered a sale of the whole of the real estate in seven distinct parcels, and all parties are satisfied with the decree except Erma M. Kluthe, plaintiff and appellant, who also consents to a sale of all the land except one tract of 120 acres which adjoins the farm of her husband, and which she contends should be awarded, at least in part, to her, upon terms of distribution, giving the other heirs the value of their interest therein. The tract in question adjoins both the Kluthe farm and the farm of Fred A. Hammerquist, another of the heirs, who desires to have an opportunity to purchase this land at a partition sale, and who, in effect, guaranteed to bid a sum substantially in excess of the value thereof as estimated by appellant. It thus appears that each of these two heirs has a special interest in this tract of land aside from its ordinary sale value, and might become competitive bidders at a partition sale.

Appellant insists that the land might be partitioned between the two at its fair sale value, a solution which this defendant declines to accept—perhaps for the reason that he desires to secure the entire tract.

Apparently the trial court was of the view that the other heirs were entitled to the enhanced value of the distributive share of each resulting from competitive bidding at a sale of the land. Appellant's contention is that such procedure is violative of section 2, art. 6, of the State Constitution, in that it deprives her of her legal title without due process of law, and deprives her of her right to freedom from forced or compulsory alienation of her property.

[1]   Section 2798, Code 1919, provides for partition actions, and authorizes a sale of real property in whole or in part, "if it appears that a partition cannot be made without great prejudice to the owners." It would serve no useful purpose to discuss the origin or trace the evolution of the law on this subject. It is sufficient to observe that such laws, perhaps in slightly varying forms, are in force in every state in the Union, and are not deemed violative of any constitutional right when properly con-

strued and applied. It is true that the primary purpose of the law is to provide for a just partition of real property, itself, and that it should be so distributed in whole or in part, unless it appears that such distribution cannot be made "without great prejudice to the owners." It is held that partition by sale is a matter of absolute right when the conditions prescribed by the statute to authorize a sale are found to exist. (Idema v. Comstock, 131 Wis. 16, 110 N. W. 786, 120 Am. St. Rep. 1027), but that the burden of proof is on the party who asserts such right (20 R. C. L. 774). It is said that—

[2] "An adjudication by the trial court that the conditions are such as to call for a sale on a bill for partition is entitled to great weight on appeal; yet if it appears that land has been decreed to be sold without sufficient cause, it is the duty of the appellate court to reverse the decree.

[3] "The generally accepted test of whether a partition in kind would result in great prejudice to the owners, is whether the value of the share of each in case of a partition, would be materially less than his share of the money equivalent that could probably be obtained for the whole."

20 R. C. L. § 49, p. 774.

Again it is said:

[4] "A sale cannot be decreed in partition merely to advance the interests of one of the owners; before ordering the sale the court must ascertain that the interests of all will thereby be promoted." Id., and cases cited.

Appellant says in his brief:

"If it can be held that a cotenant is prejudiced by the fact that one of the co-owners will bid at a partition sale in excess of the market value of the land, and such intention is evidenced as it was in this case, then the inherent right of ownership to have your own property to your own use is lost."

Appellant, however, overlooks the fact that her interest in this land is only a one-twelfth interest. Were she demanding that one-twelfth of the land, itself, be partitioned to her, a different question might be presented. Appellant, however, is in fact asserting that the law gives her a right through partition proceedings to acquire the full legal title to the remaining eleven-twelfths of the land, thus depriving the owners thereof, of their

legal title, for a consideration much smaller in amount than may be obtained therefor at a partition sale. Clearly such a proceeding must be deemed prejudicial to the owners of eleven-twelfths of the land, who certainly are entitled to receive every dollar which might be obtained therefor at a partition sale. The law of partition does not give to an owner of an undivided interest in real property any legal right to demand that the remaining interests in the particular land be partitioned to him at a valuation less than could be obtained at a partition sale, as against the demands of the other owners that the property be so sold. And yet that, in effect, is what appellant is contending the trial court should have done. We are not deciding upon this appeal that appellant did not have the right to demand that her one-twelfth interest be partitioned to her; that question is not before us. We do hold that she had no legal right to demand that the interests of her co-owners be partitioned to her at a valuation less than could be obtained at a partition sale.

The judgment of the trial court is affirmed.