A. C. BLANCHARD ET AL. *v.* JOHN A. CROSS.

January Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed February 6, 1924.

*Partition—Effect of Judgment Awarding Partition—Sale of Property on Partition—Test of Whether Property Should Be Sold—Evidence—Opinion Evidence As to Advisability of Partition—Petition for Partition A Special Proceeding—Judgment Therein Not Reversed Unless Error Has Resulted in Substantial Injustice—Order Dividing Proceeds of Sale Should Await the Filing of Return of Sale.*

1.  A judgment awarding partition is final so far as the respective interests of the parties in the property and the right to partition are concerned, but interlocutory as to whether partition shall be by allotment or sale.

2.  The right to partition by sale is purely statutory and being an innovation upon the common law, a partition in kind rather than by sale is favored; but, when the statutory requirements are met by proof, a sale becomes a matter of right, though one or another of the owners objects.

3.  The test of whether a partition shall be made by sale, under G. L. 2167, is the "great inconvenience" of the owners, the essential consideration being the pecuniary welfare of the owners, and a sale will not be ordered until it is shown to be for the best interests of all the owners, to determine which the test is

whether the value of the share of each owner in the case of partition would be materially less than his share of the money equivalent that can probably be obtained for the whole.

4. In partition proceedings concerning quarry lands, where sale of the property and a division of the proceeds were ordered, evidence that a company, not a party to the proceedings, owning a quarry adjoining the land in question and a controlling interest in another company also owning similarly adjoining land, had, before the proceedings were commenced, contracted with one of the owners for sale of his interest in the land in question, and had since acquired the interest of another owner therein, was inadmissible as having no tendency to show that the pecuniary interest of the owners would not be enhanced by a sale of the property.

5. In such proceedings, where no adequate understanding on which to base a conclusion as to whether the property in question was worth more as an entire tract than it would be divided into three parts could be acquired by the commissioners without the aid of those whose special knowledge and experience made their opinions of probative value on such subject-matter, it was not error to permit a qualified witness to give his opinion thereon and state the reason for his conclusions, against the objection that his testimony covered the question to be determined by the commission, and therefore an opinion was not admissible.

6. A petition for partition, being neither an action at law nor a suit in chancery, is a special proceeding and questions of law arising therein are reviewable under G. L. 2257, and the judgment or order in such proceeding will not be reversed unless the error is of such a character that substantial injustice has resulted.

7. In partition, where sale of the land is ordered, the order directing division of the proceeds of the sale should await the filing of the return of the sale, when questions of costs, allowances, and other matters may come up for consideration.

PETITION for partition. Heard by the court, at the March Term, 1923, Washington County, *Chase*, J., presiding. Report of the commission recommending sale of the property and division of the proceeds was accepted and judgment rendered accord-

ingly. The defendant excepted. The opinion states the case. *Affirmed, stay vacated, and cause remanded.*

*Earle R. Davis* and *J. Ward Carver* for the petitioners.

*S. Hollister Jackson* and *Edward H. Deavitt* for the defendant.

POWERS, J. This is a petition for the partition of certain granite lands in the town of. Barre. It alleges that the parties are equal owners in common of the lands described, and prays for the partition thereof; or, in case it be found that the premises are impartible, that they be assigned or sold pursuant to the statute in such case made and provided. The county court awarded partition and appointed a commission, which after hearing, reported that the land could not be divided without great inconvenience to the parties interested, and that none of the owners would take an assignment thereof and make payment therefor. This report was excepted to by the defendant, but on hearing, the court below overruled the exceptions, accepted the report, and ordered a sale of the property and a division of the proceeds. The defendant excepted.

[1-4] The first exception to the report as briefed by the defendant is predicated upon the exclusion of the testimony of Edward H. Deavitt. By this witness, the defendant offered to show that the Wetmore & Morse Granite Company owned a controlling interest in the Barre Medium Granite Company, which owned land adjoining the land in question; that the first named company owned the Straiton Quarry, which also adjoined the land in question; that the first named company, at some time before these proceedings were commenced, entered into a written contract with the defendant which amounted to a purchase of his interest in the land in question, to be paid· for as therein provided; and that, since the hearing before the commissioner began, the first named company had purchased and acquired the interest of the plaintiff, Sargent, in the land in question. The offer was excluded and an exception saved.

That the judgment awarding partition is final so far as the respective interests of the parties in the property and the right to partition are concerned is established. *Gourley* v. *Woodbury,*

43 Vt. 89. But that judgment is so far interlocutory as to leave untouched the question whether the partition shall be by allotment or sale. *Roach* v. *Baker,* 130 Ind. 362, 30 N. E. 10; *Brown* v. *Cooper,* 98 Iowa 444, 67 N. W. 378, 33 L. R. A. 61, 60 A. S. R. 190.

The right to partition by allotment was a common law right, but the right to partition by sale is purely statutory. Such a statute being an innovation upon the common law (*Croston* v. *Male,* 56 W. Va. 205, 49 S. E. 136, 107 A. S. R. 918), the law favors a partition in kind rather than by sale; but when the statutory requirements are met by proof, a sale becomes a matter of right (*Wilson* v. *Bogle,* 95 Tenn. 290, 32 S. W. 386, 49 A. S. R. 929), though one or another of the owners objects. *Wood* v. *Barnett,* 208 Ala. 295, 94 So. 338.

The language used in the statutes of different states varies somewhat, that of our own (G. L. 2167) making "great inconvenience" the test; but the essential consideration is the pecuniary welfare of the owners. See *Idema* v. *Comstock,* 131 Wis. 16, 110 N. W. 786, 120 A. S. R. 1027; *Heald* v. *Kennard,* 180 Mass. 521, 63 N. E. 4. A sale is not to be ordered on a showing that it will be to the advantage of one of the owners; it must be shown that it will be for the best interests of all the owners. 20 R. C. L. 774; *Kluthe* v. *Hammerquist,* 45 S. D. 476, 188 N. W. 749; *Croston* v. *Male, supra.* To determine this question, the test, as stated by Chancellor Walworth in *Clason* v. *Clason,* 6 Paige (N. Y.) 541, is whether the aggregate value of the several parts when held by different persons in severalty will be materially less than the whole value of the property if owned by one person. And this is the rule according to *Croston* v. *Male, supra.* Or, as elsewhere stated, whether the value of the share of each owner in case of a partition would be materially less than his share of the money equivalent that can probably be obtained for the whole. R. C. L., *supra; Kluthe* v. *Hammerquist, supra; Idema* v. *Comstock, supra.*

If, then, the offered evidence was admissible, it was because it tended to show that the pecuniary interests of the owners taken together, would not be enhanced by a sale of the property. It had no such tendency. It strongly indicated that the interests of the Wetmore & Morse Granite Co. and those of the Barre Medium Granite Company, neither of which was a party, would

be promoted by such a division of the property as would give as Sargent's third and as the defendant's third the land that adjoined their properties. That neither Sargent nor the defendant could gain anything by this is obvious from the fact that they had sold out; and no pretense is made that Blanchard's share would benefit by such a division. The commissioners did not report the facts or evidence on which they based their ultimate finding and the defendant does not complain of this. In these circumstances, we cannot say that the exclusion of the offer was improper or harmful.

[5]   One other exception is briefed by the defendant. It relates to the admission of the testimony of Milford W. Sanders, who was allowed to give his opinion that the land in question was worth more as an entire tract, than it would be if divided into three parts of equal value, and to state his reasons for this conclusion. The objection was, not that the witness was not sufficiently qualified to give an opinion, but that this testimony covered the very question to be determined by the commission, and therefore an opinion was not admissible. Attention is called to several of our cases in which this proposition is expressly or substantially laid down. Properly understood, this rule applies only to the ultimate fact to be established by proof, and not to the subordinate facts upon which that is to be predicated. Thus, in a will case, sanity is a question to be passed upon by the jury, it is, however, a subordinate fact—the capacity to make a will being the ultimate question to be determined. An expert may give an opinion on the former, but not on the latter. In negligence cases involving the question of a foreign law, the jury must, in certain circumstances, determine what that law is, but the question of liability, which depends upon that and other controverted facts, is the ultimate question. The opinion of an expert is receivable on the former question, but not on the latter. But there is much doubt regarding the accuracy of the rule when expressed in unqualified terms. Opinions, even of experts, are admitted only when necessary to enable the jury to get an adequate understanding of the subject-matter of the inquiry. Whenever the nature of this is such as to require the opinion, either of the common observer or the expert, as the case may be, that opinion may be given in evidence. But when the nature of it is such that a sufficiently adequate understanding of it can be

given by descriptive evidence to enable the jury to draw a reliable inference therefrom, no opinion, skilled or otherwise, is required, and none is admissible. In other words, the rule carries as far as the necessity extends, but no farther. So, logically, the rule should be that, when necessary as above, expert opinions are admissible, though they cover the controlling question involved in the trial. That the fact that the jury are to pass upon the very question asked an expert is not always conclusive against the admissibility of his opinion given in answer thereto, is well supported by authority. 3 Wig. Ev., § 1921; 3 Chamb. Ev., § 2377; *Goddard* v. *Enzler*, 222 Ill. 462, 78 N. E. 805; *Van Wycklyn* v. *Brooklyn*, 118 N. Y. 424, 24 N. E. 179; *Nebonne* v. *Concord R. R.*, 68 N. H. 296, 44 Atl. 521; *Poole* v. *Dean*, 152 Mass. 589, 26 N. E. 406; *Littlejohn* v. *Shaw*, 159 N. Y. 188, 53 N. E. 810; *Louisville, etc., Trac. Co.* v. *Snead*, 49 Ind. App. 16, 93 N. E. 177; *Eastern Transportation Line* v. *Hope*, 95 U. S. 297, 24 L. ed. 477.

Questions of land values furnish a characteristic field for opinionative evidence. Indeed, the rule is so liberal that one does not have to be an expert to make his opinion on such questions admissible. *Brown* v. *Aitken*, 90 Vt. 569, 99 Atl. 265. Questions of relative value are of the same class (3 Chamb., § 2101, a), and one having sufficient knowledge may testify as to the effect on the value of the property of certain changes in it. 22 C. J. 697. And when the witness has given his opinion, he may, for the purpose of strengthening its probative force, give the basis on which it is predicated (3 Chamb., § 2171, g), for, obviously, its value would depend upon the reasons so given— whether they were impressive or otherwise.

So, disregarding the question whether or not the witness was allowed to express an opinion on the question to be decided by the commission, we hold that its admission was not error. *Suthon* v. *Laws*, 132 La. 207, 61 So. 204. The land in question was quarry land; its value, both before and after division, would depend on various questions that the commissioners would know little about; no adequate understanding on which to base a conclusion could be acquired by them without the aid of those whose special knowledge and experience made their opinions of probative value on the question to which they spoke.

[6]    There is another way by which the same result might
be reached.  A petition for partition, being, according to the com-
mon law and equity practice, neither an action at law nor a suit
in chancery (*Canfield* v. *Brobst*, 71 Ohio St. 42, 72 N. E. 459;
*In re Cent. Irr. Dist.*, 117 Cal. 382, 49 Pac. 354, is a special pro-
ceeding under the law.  This view finds support in *Brock* v.
*Eastman*, 27 Vt. 559, wherein it is held that inasmuch as the
petition is neither a writ of attachment nor a writ of summons,
no recognizance for costs is required.  Questions of law arising
in the proceeding are, therefore, reviewable under G. L. 2257,
which provides that in special, summary, or session proceedings,
the judgment or order of the county court shall not be reversed,
unless this Court would have granted a writ of *certiorari* for the
same cause; and that writ will not be granted though error has
intervened, unless it be of such a character that a substantial in-
justice has resulted.  *Hancock* v. *Worcester*, 62 Vt. 106, 18 Atl.
1041; *French* v. *Barre*, 58 Vt. 567, 5 Atl. 568; *Gray* v. *Middle-
town*, 56 Vt. 53.

The report of this commission, then, had the same standing
in the county court that the report of the highway commission
had in *Bolles* v. *Montpelier*, 93 Vt. 513, 108 Atl. 565, in which
case we held that it did not follow that it was reversible error
for the lower court to decline to reject the report because of the
admission of this kind of evidence; and that in support of the
ruling, we might infer that that court considered the vital fact
so well established by other evidence brought to its attention as
to be convinced that the error in receiving the opinion of the
witness was harmless.  So here, it not being made to appear that
a substantial injustice has been done, the exception under dis-
cussion is unavailing.

[7]    We note, in passing, that in one respect the judgment
below was irregular.  It ordered the division of the proceeds of
the sale.  This was premature.  That order should await the fil-
ing of the return of the sale, when questions of costs, allowances,
and other matters may come up for consideration.  This irregu-
larity can be corrected on the remand should occasion require.

*Judgment affirmed, stay vacated, and cause remanded for
such farther proceedings as may be necessary.*