Carroll,
July 2, 1951. }  No. 4051.

FRANK O. LEAVITT *& a.* v. CONSTANCE C. BENZING *& a.*

*Cooper, Hall & Cooper* (*Mr. Burt R. Cooper* orally), for the plaintiffs.

*Preston B. Smart* (by brief and orally), for the defendants.

DUNCAN, J.  In *Eastman* v. *Barnes*, 62 N. H. 630, 631, an appeal from a decree accepting a report of a committee of partition, it was stated that to justify reversal of such a decree "it is not sufficient to allege that the committee erred in their finding of facts so that

the division made by them is unequal or unjust, or unsuitable or inconvenient: fraud or its equivalent must be charged. *Doughty* v. *Little*, 61 N. H. 365, 368, 369. Their proceedings, being regular, cannot be set aside unless they 'were influenced by passion, prejudice, partiality, or corruption, or unwittingly fell into a plain mistake.' *Fuller* v. *Bailey*, 58 N. H. 71; *Free* v. *Buckingham*, 59 N. H. 219."

The nature of the offer of proof made by the defendants does not appear so that we are restricted in passing upon the defendants' first exception to a determination of the question of whether the Trial Court erred in ruling that "only fraud could be used to set aside the commissioners' report." As applied to the first allegations of the defendants' motion the ruling was correct. The allegation was merely that the committee did not make a fair and equal division. This was a question of fact upon which the finding of the committee was final. *Merrill* v. *Durrell*, 67 N. H. 108; *Eastman* v. *Barnes, supra*. The Trial Court was under no obligation to make an independent determination of the facts because of this allegation alone or because of evidence calculated to show the division to be unfair and unequal. *Doughty* v. *Little*, 61 N. H. 365.

If, however, the evidence tended to support the second allegation of the motion, and to show that the committee was mistaken in deciding that the lands could be partitioned without "great prejudice or inconvenience," (R. L., c. 410, s. 25), because they failed to consider that the value of the whole was substantially greater than the aggregate value of its parts, it would have been error to exclude the evidence. Under the statute the defendants' right to a sale of the estate is in part contingent upon a finding by the court that it cannot be divided without great prejudice or inconvenience made upon the report of the committee that the estate is of such a nature. R. L., c. 410, s. 25, *supra*. "A proper case for sale, instead of partition in kind, is presented where the property, if divided in kind, would be worth in the aggregate an amount substantially less than it would be worth as a whole." 68 C. J. S. 197, s. 127e. In *Blanchard* v. *Cross*, 97 Vt. 370, 373, a petition for partition under a statute "making 'great inconvenience' the test" of the plaintiff's right to a division, the court said: "To determine this question, the test, as stated . . . in *Clason* v. *Clason*, 6 Paige (N. Y.) 541, is whether the aggregate value of the several parts when held by different persons in severalty will be materially less than the whole value of the property if owned by one person."

So far as can be determined the defendants' motion was denied

as a matter of law because it did not allege fraud. This was error; but since the nature of the proof offered in support of the motion does not appear, we are in no position to hold the error prejudicial on the ground that evidence was offered which would warrant relief.

The defendants' second exception, to the denial of their motion to set aside the order approving the report presents no question not already considered. The defendants' exceptions must be overruled. If denial of the defendants' offer of proof was erroneous for reasons herein indicated, so that justice requires that there should be a re-hearing, the defendants should apply to the Superior Court for appropriate relief. *Cf. Delisle* v. *Smalley,* 96 N. H. 58.

*Exceptions overruled nisi.*

All concurred.