NELSON et al., Appellants, v. HENDRICKS, Respondent
(54 N. W.2d 324)
(File No. 9272. Opinion filed June 27, 1952)

**Jackson & Krause, H. R. Jackson,** Lemmon, for Plaintiffs and Appellants.

**Hersrud & Reeder,** Lemmon, for Defendant and Respondent.

SICKEL, P.J.

This is an action brought for the partition of a ranch in Perkins county. It consists of 840 acres owned by the parties as tenants in common., Each plaintiff owns an undivided one-fourth interest and the defendant owns the remaining half interest in the property. There are no encumbrances. Plaintiffs ask that the property be partitioned

in kind, one-half to them as tenants in common and the other half to defendant. Defendant alleges that the land is so situated that partition cannot be made without great prejudice to the owners, and asks that a sale be ordered. The court ordered the sale of the land as a single tract, and plaintiffs appealed. The only question presented on this appeal is whether the evidence is sufficient to justify the court in deciding that the land be sold. SDC 37.1412 provides in part: "If it appear to the satisfaction of the Court that the property, or any part of it, is so situated that partition cannot be made without great prejudice to the owners, the Court may order a sale thereof, * * *". Under this statute: "* * * partition by sale is a matter of absolute right when the conditions prescribed by the statute to authorize a sale are found to exist" and the burden of proving the right to a sale is on the party demanding it. Kluthe v. Hammerquist, 45 S. D. 476, 479, 188 N.W. 749, 750. Under the above statute: "* * * a sale may be ordered if it appears to the satisfaction of the court that the value of the share of each cotenant, in case of partition, would be materially less than his share of the money equivalent that could probably be obtained for the whole". Johnson v. Hendrickson, 71 S. D. 392, 396, 24 N.W.2d 914, 916.

The appellants have agreed that in case of partition in kind their shares shall be assigned to them as tenants in common, so, in case of partition in kind, it would be necessary to divide the land into only two parts, one share to respondent and an equal share to appellants. No plan of partition has been proposed by any of the parties.

The Nelson farm consists of 840 acres, all contiguous and compact, except for highways. It is located in Perkins county where land is adapted principally to grazing. The cultivated area of the ranch covers about 200 acres in scattered fields ranging in size from 3 to 80 acres. The witnesses describe the land as "rolling" with a creek passing through it. The improvements consist of a four-room house, a barn 32 feet by 54 feet with a 16 foot lean-to, double garage, chicken house, two granaries, two wells with windmills which furnish an adequate supply of water, and a four and one-half acre grove of trees. The value of the improvements has been placed at $5,000. The value of the ranch,

including the improvements, is estimated at $10 to $20 per acre. Vern Williams who was qualified as an expert witness as to values of ranches in Perkins county was asked whether, in his opinion, it would be possible to divide the ranch into two parts which would be substantially equal in value and he answered: "Well, it isn't any too big a unit in the first place, and I would hate to—in my opinion, it would be hard, really hard, to divide it * * * into two parts and be fair to all the parties concerned". No witness testified specifically that partition into two equal parts, if it could be done, would or would not marterially depreciate the value of the ranch either as to salability or for the uses to which it is adapted.

Here is a ranch which has always constituted a single operating unit and which would ordinarily carry about forty head of cattle. It has one set of farm buildings which obviously cannot be divided. In case of partition in kind all the improvements must be assigned either to plaintiffs as tenants in common or to the defendant. The average estimate of the value of the ranch including improvements is $15 per acre amounting to $12,600. The shares of the plaintiffs as tenants in common and the defendant would be one-half that amount to each or $6,300. Since the estimated value of the improvements is $5,000, the land is worth approximately $9 per acre. The party or parties who receive the buildings would receive land of the value of $1,300 which at $9 per acre would amount to about 144 acres. The value of the improvements on that share would amount to approximately four times the value of the land upon which they would be situated. The share of the other party or parties would be approximately 696 acres of land with no improvements whatever. Upon this evidence it appears that the circuit court was justified in finding that the value of the shares of each cotenant in case of partition would be materially less than her share of the money equivalent that could probably be obtained for the whole and that the partition of this ranch cannot be made without great prejudice to the owners.

The judgment directing that the ranch be sold is affirmed.

All the Judges concur.