Shirley BERG and Thomas Neidlinger, Plaintiffs and Respondents,

v.

Rosamond KREMERS and Larry Kremers, Defendants and Appellants.

Civ. No. 8637.

Supreme Court of North Dakota.

Dec. 8, 1970.

Faegre & Benson, Minneapolis, Minn., and Floyd B. Sperry, Bismarck, for defendants-appellants.

Traynor & Traynor, Devils Lake, and Barnett, Ratelle, Hennessy, VanderVort & Stasel, Minneapolis, Minn., for plaintiffs-respondents.

HAMILTON E. ENGLERT, District Judge.

This is an appeal from the final judgment and the addendums thereto, which also denies the motion for a new trial, of the district court of Ramsey County in a partition and settlement of accounts action.

The four parties to this action, two plaintiffs and two defendants, are the owners in cotenancy of a section of farmland.

Testimony showed that one E. A. Neidlinger died in 1957, leaving a will in which he gave a life estate in said farmland to his wife, and devised the remainder interest in said property to the following persons in the following proportions:

| | |
|---|---|
| Rosamond Kremers (daughter) | 30% |
| Larry Kremers (grandson) | 20% |
| Thomas Neidlinger (grandson) | 20% |
| Shirley Berg (granddaughter) | 20% |
| Mildred Neidlinger (daughter-in-law) | 10% |

The life tenant, Grace Neidlinger, died in 1964, and thereafter one of the remaindermen, Mildred Neidlinger, conveyed her undivided 10% interest in said property, in equal shares to Thomas Neidlinger and Shirley Berg.

At the time this action was commenced the respective interests of the parties in the farmland were: Plaintiff Shirley Berg, an undivided 25%; plaintiff Thomas Neidlinger, an undivided 25%; defendant Rosamond Kremers, an undivided 30%; and defendant Larry Kremers, an undivided 20% thereof.

Evidence was presented to the trial court at three separate hearings. Testimony was heard as to the partition action in October of 1966, following which, upon partition in kind, an appeal was taken to the Supreme Court by the defendants. We dismissed that appeal as not being from a final judgment, and therefore not appealable. The matters of accounting and other issues set forth in the counterclaim had not been adjudicated. Berg v. Kremers, 154 N.W.2d 911 (N.D.1967).

Thereafter, further evidence was submitted in the case in July and December of 1968.

This appeal is now from the final judgment in the case deciding all issues set forth in the pleadings. Defendants have demanded a trial de novo.

The complaint of the plaintiffs seeks partition of a section of farmland, an accounting of the 1965 crop, and division of the net proceeds.

Defendants' answer and counterclaim ask that a sale of the farm property and certain residential lots be made and the proceeds divided according to the respective interests of the parties. The counterclaim further demands an accounting as to farming operations thereon during 1965, 1966, and to date of trial.

The residential property has been sold under stipulation, and no issue remains thereto.

■ As stated in Section 32–16–01, N. D.C.C., partition is a matter of right when several cotenants are in possession of real property as tenants in common.

The section of land involved herein consists of three quarters which are coter-

minous, and one quarter situated approximately one mile west, each quarter being of approximately equal value. The plaintiffs testified that it was all worth around $85 an acre. The defendants followed with evidence that the land was worth approximately $100 an acre if sold as one farm unit. The testimony showed that over the years, the four quarters of farmland have been rented by as many as three separate tenants in one year.

As a part of the proceedings in such an action, the trial court appointed three referees as set forth in the statutes and, following their report, partitioned the farmland as follows: to the defendants, Rosamond Kremers and Larry Kremers, the North Half of Section 20; and to the plaintiffs, Shirley Berg and Thomas Neidlinger, the Southwest Quarter of Section 17 and the Northwest Quarter of Section 24.

The primary question presented on this appeal is whether or not the trial court committed error in the holding that the defendants failed to establish by a preponderance of the evidence that "great prejudice to the owners" would result from a partition of the farmland. Should the court, from the evidence, have ordered a sale and division of the proceeds for the reason that the property was shown to be so situated that a partition could not be made without great prejudice to the owners?

Section 32-16-12 of the N.D.C.C. on partition states:

"If it is alleged in the complaint and established by evidence, or if it appears by the evidence without such allegation in the complaint, to the satisfaction of the court, that the property, or any part of it, is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof. Otherwise, upon the making of requisite proof, it must order a partition according to the respective rights of the parties as ascertained by the court and appoint three referees therefor, and must designate the portion to remain undivided for the own-

ers whose interests remain unknown or unascertained."

■ In line with our North Dakota statutes:

"The court must decide in partition action whether the premises can be physically partitioned or whether the premises should be sold at partition sale and proceeds divided among the tenants in common." Murphy v. Connolly, 81 S.D. 644, 140 N.W.2d 394 (1966).

■ With respect to whether or not "great prejudice" exists in a partition action, we adhere to the following test as set by the courts:

"The generally accepted test of whether a partition in kind would result in great prejudice to the owners is whether the value of the share of each in case of a partition would be materially less than his share of the money equivalent that could probably be obtained for the whole." 40 Am.Jur. Partition, Sec. 83 at 74. See also, ¶ 10 of the Syllabus in Trowbridge v. Donner, 152 Neb. 206, 40 N.W.2d 655 (1950).

The burden is on the one demanding a sale to prove that partition in kind cannot be made without great prejudice to the owners.

In regard to whether a sale should be made, courts with statutes similar to North Dakota have held as follows:

"Sale of realty should not be made for purpose of partition unless it is necessary to protect parties from serious loss." White v. Tillotson, 256 Wis. 574, 42 N.W. 2d 283 (1950);

and further:

"A sale of land in partition should not be ordered, unless it is necessary to protect the parties from serious pecuniary injury." Idema v. Comstock, 131 Wis. 16, 110 N.W. 786.

We find no North Dakota decisions covering the main points involved in the in-

stant appeal. This necessitates a more comprehensive discussion of whether or not a sale should be made in a partition action.

Appellants cite a number of cases wherein the trial court ordered a sale of the property from the evidence in the case and, on appeal, these decisions were affirmed. Idema v. Comstock, *supra*; Leavitt v. Benzing, 97 N.H. 118, 82 A.2d 86 (1951); Blanchard v. Cross, 97 Vt. 370, 123 A. 382 (1924); Haggerty v. Nobles, 244 Or. 428, 419 P.2d 9 (1966); Nelson v. Hendricks, 74 S.D. 441, 54 N.W.2d 324 (1952); Kluthe v. Hammerquist, 45 S.D. 476, 188 N.W. 749 (1922); Henkel v. Henkel, 282 Mich. 473, 276 N.W. 522 (1937).

In other cases wherein the trial courts ordered a sale, the higher court on appeal reversed the trial court and ordered a partition in kind. Trowbridge v. Donner, *supra*; White v. Tillotson, *supra*; Williams v. Wells Fargo Bank & Union Trust Co., 56 Cal.App.2d 645, 133 P.2d 73 (1943).

A further contention of appellants is that they had an absolute right to a partition by sale since the property is so situated that partition in kind cannot be made without great prejudice to the owners. In support of this contention they cite the South Dakota case of Nelson v. Hendricks, *supra*.

We find the distinction that in Nelson v. Hendricks, *supra*, the value of the improvements was four times the value of the land, while in the instant case the four quarters of land were of approximately equal value. Other cases holding an absolute right to a partition by sale involved valuable buildings, a necessary well for a ranch, timberland, and small tracts of real estate which could not be divided without serious pecuniary loss to the parties. In Johnson v. Hendrickson, 71 S.D. 392, 24 N.W.2d 914 (1946), the higher court affirmed a sale which involved a quarter section of land containing a 40-acre slough, sought by appellant to be divided into four or more separate tracts. The instant case is readily distinguishable on the facts from the cases wherein an absolute right of partition by sale exists.

■ Many cases are cited by appellants wherein the trial court was affirmed upon a finding from the facts existing in the case that a sale of the property should be ordered. Many cases are also cited by the respondents wherein the trial court was affirmed upon a finding that a partition in kind should be made. These decisions adhere to the holding that the question of great prejudice to the owners is a factual question to be determined by the court, as set forth in the California case as follows:

"The question of 'great prejudice to the owners' is a factual question to be determined by the court and where the evidence was sufficient for the trial court to reasonably draw the conclusion that partition in kind could be made without great prejudice to the owners the court's order will not be disturbed." Sting v. Beckham, 94 Cal.App.2d 823, 211 P.2d 586 (1949).

■ In reversing a judgment ordering a sale, the Wisconsin Supreme Court in the case of White v. Tillotson, *supra*, stated as to testimony concerning the matter of "great prejudice":

"Plaintiffs' witnesses expressed doubt that the farm divided would bring as much as if sold in one parcel. Such a doubt is not evidence, and if it were, it is not sufficient to establish that the owners will sustain pecuniary loss by partition in kind which will warrant an order of sale."

Are the facts and evidence in the instant case sufficient to convince the court that partition in kind cannot be made without great prejudice to the appellants?

The record shows the learned trial court considered the following matters in reaching its decision: whether the value of the share of each in case of a partition would be materially less than his share of the money equivalent that could probably be obtained for the whole; the character and location of the land; the size of the land; the usefulness of the respective tracts after

partition; the existence of improvements thereon; and the testimony of the witnesses with respect to values and their reasons and interests in connection therewith.

The appellants demanded a trial de novo in this case.

"Where an appeal is taken pursuant to Section 28–27–32, N.D.C.C., and the appellant demands a trial anew the findings of the trial court must be given appreciable weight by the Supreme Court, especially when based upon testimony of witnesses who appeared in person before the trial court." Chambers v. Satrom, 154 N.W.2d 913 (N.D.1968). See also, Goheen v. Gauvey, 122 N.W.2d 204 (N.D. 1963); Rieger v. Rieger, 175 N.W.2d 563 (N.D.1970).

The trial court heard testimony on three occasions and upon all of the evidence submitted was in a better position than is the Supreme Court to determine the facts involved in this partition and accounting action, and, upon a trial anew the findings of the trial court are entitled to appreciable weight. Foster County State Bank v. Hester, 18 N.D. 135, 119 N.W. 1044 (1909); Austad v. Dreier, 57 N.D. 224, 221 N.W. 1 (1928); Ginter v. Ginter, 63 N.W.2d 394 (N.D.1954); Hoffer v. Crawford, 65 N.W. 2d 625 (N.D.1954); Dockter v. Crawford, 65 N.W.2d 691 (N.D.1954); Shong v. Farmers' and Merchants' State Bank, 70 N.W.2d 907 (N.D.1955); Wellens v. Beck, 103 N.W.2d 281 (N.D.1960).

◼ We are of the opinion that many of the main points involved in the instant case are set forth in the Minnesota opinion of Swogger v. Taylor, 243 Minn. 458, 68 N.W. 2d 376 (1955), wherein the court said:

"Where it can be had without great prejudice to the owners, the law favors partition in kind rather than a sale and a division of the proceeds among the owners. Until the contrary appears, the presumption prevails that partition in kind should be made. He who asks a sale has the burden of proving that partition in kind cannot be made without great prejudice to the owners. * * * In devising a partition plan without causing great prejudice to the owners, the court, in determining if the property is to be sold in whole or in part, may take into consideration the situation of the parties and their respective financial abilities, the location and the character of the property, and the size and utility of the respective shares if a partition in kind were made."

◼ Whether a finding of "great prejudice" would exist is a factual question to be determined from the evidence. We find that the appellants have failed to sustain the required burden of proof on their claim in this case that a partition in kind would amount to great prejudice to the owners. This finding is based on evidence which shows the following: that the four quarters of land were of approximately equal value and that the amount of tillable land in the divided half-section units is 259.85 acres in one and 260.85 acres in the other; that the buildings are of little value; that the property is good agricultural land with access to good roads in the area; that it involves a section of land readily divisible into two half-section units which would sustain average farming operations in the area involved; that the appellants live in the city of Minneapolis and are not in need; that a witness for the appellants had earlier offered to purchase one of the quarters of land in the area at a figure of $115 an acre, which is more than the over-all value per acre as placed by the same witness; and that in North Dakota the demand is high for units of farmland from one-quarter to a half-section.

We agree with the trial court's finding by a fair preponderance of the evidence that a partition in kind of the farmland could be made without great prejudice to the owners.

Appellants further allege error in the trial court's finding that the plaintiffs' and defendants' interests in the farmland were divisible into two 50% undivided interests.

The record shows in the transcript of evidence, and as set forth in the court's memorandum of decision that, prior to the taking of any testimony in the case, counsel for the plaintiffs and the defendants made statements on the record to the effect that "the two respective parties (plaintiffs and defendants) each own an undivided 50% of the total real estate involved in the lawsuit."

From a reading of this record we are convinced that it was the understanding of counsel and the court at the time these statements were made that plaintiffs and defendants would be entitled to recover an undivided 50% interest if the court should find in favor of the plaintiffs and should order a partition in kind.

"Courts look with favor upon stipulations which settle vexatious procedural controversies and are in furtherance of the ends of justice." Mongeon v. Burkebile, 79 N.D. 234, 55 N.W.2d 445 (1952).

"Oral stipulations of the parties in the presence of the court are generally held to be binding, especially when acted on or entered on the court records." 50 Am. Jur. Stipulations, Sec. 3, at 606.

"Stipulations entered into dealing with important phases of a lawsuit cannot be lightly treated. They are solemn and binding obligations of the parties." Schott v. Enander, 73 N.D. 352, 15 N.W. 2d 303 (1944). See also, Northern Pac. R. Co. v. Barlow, 20 N.D. 197, 126 N.W. 233, Ann.Cas. 1912C, 763.

The trial court thereafter found the defendant Rosamond Kremers entitled to a 60% share and her son, defendant Larry Kremers, entitled to a 40% share of the defendants' half of the partitioned farmland. They should have no problem in settling their interests—by agreement, necessary conveyances, or statutory remedy.

We agree with the trial court in the finding of a half and half partition of the farmland between plaintiffs and defendants.

We will now turn our attention to appellants' claim of alleged errors of the trial court contained in the Findings of Fact, Conclusions of Law, and Order for Judgment with reference to the Final Accounting part of this case.

Appellants allege error with respect to the trial court's findings in regard to the equitable action of accounting presented by the pleadings. They claim that the trial court allocated charges and credits between the cotenants in a manner which was in several instances arbitrary, inconsistent and plainly erroneous.

■ In the North Dakota case of Gjerstadengen v. Hartzell, 9 N.D. 268, 83 N.W. 230, we said that a cotenant may be granted an allowance for improvements made in a partition action, "provided they are necessary, useful, substantial, and permanent, enhancing the value of the estate." We adhere to that statement. These are matters to be determined by the court from the evidence in the case.

In examining the record and evidence in regard to the accounting, we will take up the alleged specifications of error as follows:

1. 1964 Farm Expenses. From the evidence the trial court's finding that the expenses for gravel and granary repair were "incidental expenses incurred in connection with the production of the crop, the proceeds of which inured to the benefit of Mrs. Kremers," was correct.

2. Hampden Property Expenses. The trial court found that the defendant Rosamond Kremers' payments for insurance and taxes and upkeep on the lawn were expenditures which were necessary and beneficial to all of the cotenant owners and allowed Mrs. Kremers reimbursement therefor. The trial court found, however, that repair and improvement of the house itself was a voluntary expenditure for which she is not entitled to reimbursement, because of her occupancy of the Hampden house during certain periods of time in the

farming season. From a consideration of the evidence, we find the trial court was correct in making such finding.

3. Travel Expenses. Appellants allege error on the part of the trial court in failing to allow Rosamond Kremers reimbursement for travel expenses incurred by her in connection with supervision of farming operations and maintenance of the common properties. The evidence shows that a farm manager in continuance of a prior agreement between said manager and Grace Neidlinger took care of operations of the farmland and property after her death through oral agreement with the present owners. The trial court did not err in refusing to allow Rosamond Kremers reimbursement for her claimed travel expenses.

4. 1965 Farm Expenses. This concerns certain expenditures of the defendant Rosamond Kremers which she claims she advanced in connection with the 1965 farming operations in the amount of $621.13. It appears to us that upon a study of the matter the trial court erred in failing to include in its Findings of Fact, Conclusions of Law and Order for Judgment dated April 28, 1969, the expenditure by Rosamond Kremers of $132.48 for farm building insurance under Exhibit "L". Similarly, the amount of $23.00 for 1965 yard expense was omitted in the final order. We find that the correct amount for 1965 farm expenses in the Final Findings of Fact, Conclusions of Law and Order for Judgment should be $583.45 as credit allowed to the defendant Rosamond Kremers for 1965 farm expenses. The judgment will be modified accordingly.

5. Repairs to Farm Buildings. We hold that the trial court's finding was correct because certain repairs to the farmhouse and granary were necessary and properly charged to the defendants inasmuch as the land on which the farmhouse and granary are located is set aside to the defendants under the trial court's judgment of partition.

6. Rental of Steel Storage Bin. The defendant Rosamond Kremers claims reimbursement for the use of a certain steel storage bin personally owned by her in which grains harvested on the farmland were stored during the years 1965 to and including 1968. This steel storage bin constitutes a fixture on the farm premises which was placed thereon by Grace Neidlinger during her life tenancy and which, as an item of personalty belonging to her, passed in accordance with her Last Will and Testament to the defendant, Rosamond Kremers. The trial court's findings of fact dated April 28, 1969, omit any reference to said claim. Respondents claim that this matter was disposed of by the trial court in its decision of August 13, 1968, when the court denied claims for permanent improvements.

We agree with the findings of the trial court disposing of the matter of rental of steel storage bin by its decision of August 13, 1968.

7. Costs and Disbursements. Appellants claim error on the part of the court in entering final judgment which included a doubling of costs in connection with half of the referees charges of $85 being included in Paragraph V of the Final Judgment and also in Paragraph XII of an Addendum to Final Judgment. We can see where there may be a misunderstanding by way of a duplication in the assessment of defendants' share because of the addendum. We find the amount of $107.50 as set out in said Paragraph XII to be the correct full amount chargeable as costs and disbursements against the defendants.

8. Itemization of Debits and Credits to Rosamond Kremers. The only correction we make in itemized credits and expenses was as to 1965 Farm Expenses in our finding the correct amount as being $583.45. With the exception of this figure of $583.45 in the final judgment as a credit to the defendants for 1965 farm expenses, we find the trial court's findings correct.

On trial de novo of a partition action in the Supreme Court, where the evidence is such that the appellate court is in full agreement with the lower court's findings, they will be approved and judgment affirmed.

We affirm the trial court's partition in kind, and find the trial court correct in denying defendants' Motion for Amended Findings of Fact, Conclusions of Law, and Order for Judgment, or in the alternative for a New Trial. Final Judgment of the trial court with addendums in the settlement of accounts action is affirmed as modified with the correction of the amount to $583.45 with respect to 1965 farm expenses.

TEIGEN, C. J., and STRUTZ, PAULSON and KNUDSON, JJ., concur.

Justice Erickstad deeming himself disqualified did not participate; the Honorable Hamilton E. Englert, District Judge of the First Judicial District sitting in his stead.