**In re Charles N. BELYEA, Debtor.**

**No. 12121–JMD.**

United States Bankruptcy Court,
D. New Hampshire.

Nov. 8, 1999.

Andrew G. Bronson, Plymouth, NH, Bronson Law Office, for Debtor.

John P. LeBrun, Goldman & LeBrun, P.A., Concord, NH, for Elaine Belyea.

Louise R. Forbes, Boston, MA, for Internal Revenue Service.

Lawrence P. Sumski, Amherst, NH, Chapter 13 Trustee.

### MEMORANDUM OPINION

J. MICHAEL DEASY, Bankruptcy Judge.

## I. INTRODUCTION

Charles N. Belyea, the Debtor, filed for bankruptcy under Chapter 13 on June 1, 1998. Pursuant to his Chapter 13 plan, the Debtor proposes to partition real estate which he jointly owns with his sister, Elaine Belyea. Ms. Belyea objects to this treatment under the plan. On February 2, 1999, the Court held an initial hearing on confirmation of the Debtor's Chapter 13 plan. The Court continued the confirmation hearing several times with the last continued hearing being held on October 29, 1999. In accordance with its rulings in

open court at the October 29th hearing, the Court holds that the Debtor's Chapter 13 plan may propose a partition of the real estate he jointly owns with Ms. Belyea pursuant to 11 U.S.C. §§ 105(a), 363(h), and 1303.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

The following facts were established by the stipulation and agreement of the parties in open court:

A. The Debtor and Ms. Belyea possess an undivided interest in real estate which they inherited from their mother.

B. The Debtor has a one-third interest in the real estate and Ms. Belyea has a two-thirds interest.

C. The real estate in question consists of two separate non-contiguous parcels of real estate: a vacant parcel of land and a second parcel on which Ms. Belyea's home is situated.

D. The parcel of vacant land is worth $30,000 and the parcel which includes the home is worth $62,500.

E. The Debtor's undivided one-third interest in both parcels is encumbered by a lien of the Internal Revenue Service (the "IRS") in an amount in excess of $65,000.

F. Each parcel is a separate tax lot for real estate tax purposes.

The Debtor's Chapter 13 plan provides the following with respect to the real property and the lien of the IRS:

C. *Partition Claim–Elaine Belyea.* Elaine Belyea has a ⅔ interest and the Debtor has a ⅓ interest in the Debtor's mother's estate. That estate comprises of land with a fair market value of $30,000.00 and a home with a fair market value of $62,500.00. The debtor shall surrender any claim to the home in exchange for this creditor's release and surrender of the land in favor of the Debtor. Any additional cost(s), charge(s), dispute(s), or other claim(s) of Elaine Belyea arising from the partition claim and/or her Proof of Claim related thereto shall not be allowed. The Debtor and this creditor shall execute any deed or probate court document(s) necessary to effectuate this provision within three months of confirmation of this Plan.

D. *Internal Revenue Service Secured Claim.* The IRS's secured claim shall be equal to the value of the collateral to which creditor's lien attaches, i.e., the ⅓ interest in his mother's estate ($92,5000 × ⅓ = $30,833.33), less the Debtor's remaining $5,200.00 wildcard exemption, $25,633.33. Pursuant to 11 U.S.C. [§] 506, the remainder of the claim shall be treated as unsecured.... The allowed secured claim of $25,633.33 will be paid by the Trustee, through this Plan, in full, together with interest at the rate of 9.0%.... The IRS shall retain its lien on the land until the allowed secured portion of its claim is fully paid. After payment of this amount and conclusion of the Plan, this creditor shall execute a discharge of its lien and all other claims related hereto shall be discharged.

Chapter 13 Plan Dated December 28, 1998 ¶¶ 5.C and D.

Ms. Belyea objects to confirmation of the Debtor's plan because partitioning the land in this manner is "totally unacceptable" and "not necessary to effectuate the Chapter 13 Plan." Ms. Belyea seeks to

have the matter litigated in Grafton County Probate Court where, prior to the Debtor's bankruptcy filing, Ms. Belyea filed a Petition for Partition and Other Equitable Relief. Although the IRS initially objected to the Debtor's plan, it now consents to its treatment under the plan.

In accordance with the Court's August 25, 1999 order, the Debtor and Ms. Belyea submitted memoranda of law on the issue of whether the Court may partition real estate as part of the confirmation of a Chapter 13 plan. The Debtor argues that the Court may partition jointly owned real estate pursuant to sections 363(h) and 1303 of the Bankruptcy Code. Ms. Belyea argues that section 363(h) merely permits a Chapter 13 trustee to sell jointly owned property.

### III. DISCUSSION

■ Section 1303 of the Bankruptcy Code expressly grants Chapter 13 debtors certain trustee powers. It provides that "[s]ubject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*), of this title." 11 U.S.C. § 1303. Ms. Belyea argues that the Debtor cannot sell or partition property under section 363(h) because that power is in the exclusive hands of the Chapter 13 trustee. The Debtor argues that such a power is extended to Chapter 13 debtors. The Court finds that a Chapter 13 debtor may utilize section 363(h) because pursuant to section 1303 a Chapter 13 debtor has the power of the Chapter 13 trustee under section 363(b) and section 363(h) specifically incorporates section 363(b) by reference. *See Rishel v. Rishel,* 166 B.R. 276, 278 (Bankr.W.D.Pa.1994); *Janoff v. Janoff (In re Janoff),* 54 B.R. 741, 742 (Bankr.D.N.J.1985).

Section 363(h) of the Bankruptcy Code provides:

Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or

(c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if-

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h). Ms. Belyea takes the position that section 363(h) is limited to the sale of jointly owned real estate and that the partition of real property is not permitted by this or any other section of the Bankruptcy Code. The Debtor argues that a logical reading of section 363(h) permits the Court to find that partition is permissible in bankruptcy.

■ With certain limitations section 363(h) permits the sale of both the debtor's interest and the interest of any co-owner in property. *See Garner v. Strauss (In re Garner),* 952 F.2d 232, 235–36 (8th Cir. 1991). The first limitation, contained in section 363(h)(1), is that partition in kind must be "impracticable." *See id.* at 236. If partition is "practicable," the Court is without authority to approve a sale of jointly owned property under section 363(h). By implication, then, the Court has the authority to permit partition of property jointly owned by the Debtor and third parties. *See id.* (suggesting that the court would have ordered a partition of jointly owned stock had the stock not al-

ready been liquidated); *Sumy v. Schlossberg*, 777 F.2d 921, n. 25 (4th Cir.1985) (stating that "the condition in § 363(h)(1) implies that if partition is practicable, that option also may be available"); *Provencher v. Berman*, 699 F.2d 568, 571 (1st Cir.1983) (suggesting that the Bankruptcy Code of 1978, unlike the Bankruptcy Act of 1898, contains a provision for partition or a partition-like remedy); *Van Der Heide v. LaBarge (In re Van Der Heide)*, 219 B.R. 830, 836 & n. 8 (8th Cir. BAP 1998) (Koger, C.J. dissenting) ("The Code expressly authorizes, and arguably prefers, partition of entireties property where only one tenant files bankruptcy.... Partition appears to be preferred because a trustee is authorized to sell entireties property only if partition is impracticable."), *rev'd*, 164 F.3d 1183 (8th Cir.1999); *In re Batten*, 141 B.R. 899, 906 (Bankr.W.D.La.1992) ("If the court has the authority to sell the co-owners' interest in property where a partition in kind is not 'practicable,' *a fortiori ratione*, it can compel a partition in kind where such is practicable."); *Discenza v. MacDonald (In re MacDonald)*, 50 B.R. 255, 258 (Bankr.D.Mass.1985) ("[T]he trustee is given the power to partition and sell property by the entirety under § 363(h) of the Bankruptcy Code."). In addition, the Court finds that under section 105(a) the Court has the authority to approve a partition of real estate in order to advance the congressional policy favoring the partition rather than the sale of property co-owned by a debtor and a non-debtor. *See* 11 U.S.C. § 363(h)(1); *In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028 (1st Cir.1995).

 Having found that the Court has the authority to approve a partition, the Court must determine whether partition is appropriate in this case. The Debtor proposes to partition real estate he jointly owns with his sister. The Debtor holds a one-third interest in real estate inherited from his mother and Ms. Belyea holds a two-thirds interest in the property. The real estate at issue is vacant land and a house in which Ms. Belyea resides. The parties represented in court that the vacant land is taxed as one unit and the house is taxed as a separate unit.

The parties agree that a partition of the land as proposed by the Debtor would not effect a subdivision. While Ms. Belyea may find the proposed partition "totally unacceptable," she does not argue that partition is "impracticable." In fact, prior to the Debtor's filing for bankruptcy, Ms. Belyea filed her own petition for partition in Grafton County Probate Court.

The Debtor proposes that he retain the vacant land and that his sister retain the house. The parties have stipulated that the vacant land is worth $30,000 and that the house is worth $62,500. Partitioning the land in the manner proposed by the Debtor gives the Debtor 32.4% of the value of the entire property and Ms. Belyea 67.6% of the value of the entire property. Thus, under the Debtor's Chapter 13 plan, Ms. Belyea would receive slightly more value than the 66.7% in value that she is entitled to receive as joint owner with a two-thirds interest in the property. Accordingly, partition is not objectionable on the ground that her undivided interest in the property is worth more than she will retain after the partition. Further, the IRS has agreed that its lien securing tax obligations in excess of $65,000 will attach only to the parcel of land that the Debtor proposes to keep. The IRS will release its lien on the parcel of land to be kept by Ms. Belyea. For these reasons, the Court finds that partition is practicable.

While Ms. Belyea seeks to proceed with her action in state court, the Court finds that she will have to meet a burden similar to that under section 363(h)(1) in state court. RSA 547–C:25 provides that a sale of jointly owned property will be ordered only if "the estate is so situated that it cannot be divided so as to give each owner his or her share of the estate without great prejudice or inconvenience." Ms. Belyea has not argued that she will be prejudiced or inconvenienced by the Debtor's pro-

posed partition. The New Hampshire Supreme Court has stated a "proper case for sale, instead of partition in kind, is presented where the property, if divided in kind, would be worth in the aggregate an amount substantially less than it would be worth as a whole." *Leavitt v. Benzing*, 97 N.H. 118, 120, 82 A.2d 86 (1951). Here, the parties have stipulated that together the parcels are worth $92,500 and partitioned they are worth $30,000 and $62,500, respectively. Accordingly, there is no diminution in value caused by the partition. It appears then that the result will be the same whether the request for partition is considered by the Bankruptcy Court or the Grafton Country Probate Court: the jointly owned property will be partitioned.

The last issue before the Court is whether the Debtor may partition the real estate as part of the Chapter 13 plan process or whether his request for partition must be made in an adversary proceeding. Federal Rule of Bankruptcy Procedure 7001 provides that "approval pursuant to section 363(h) for the sale of both the interest of the estate and of a co-owner in property" must be brought as an adversary proceeding. Fed. R. Bankr.P. 7001(3). The Court finds that under the particular facts of this case an adversary proceeding is not warranted for two reasons. First, Rule 7001 does not expressly require an adversary proceeding when the issue is the partitioning of property and not the sale of property. Second, all parties interested in this proceeding (i.e., the Debtor, Ms. Belyea, and the IRS) have been given notice and have participated in litigating the issues. The facts necessary for a determination that partition is practicable have been stipulated by the parties and the proposed partition involves parcels of real estate that are already lots of record for both subdivision and real estate tax purposes. The only creditor with a blanket lien on both parcels is the IRS who has consented to the partition and has been represented at all confirmation hearings. The parties have provided the Court with briefs and have presented oral arguments at the various hearings, including the latest hearing held on October 29, 1999. Due process has been served and no practical benefit will result from requiring the Debtor to institute an adversary proceeding. For these reasons, the Court finds that the Debtor may seek the partition of property jointly owned with Ms. Belyea through confirmation of his Chapter 13 plan.

## IV. CONCLUSION

Pursuant to 11 U.S.C. §§ 105(a), 363(h), and 1303, the Court holds that, under the particular facts of this case, the Debtor may partition property owned jointly with his sister through confirmation of his Chapter 13 plan. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.