### Irving Fiske et al v. Joachim Probst

[147 A2d 680]

November Term, 1958

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed January 6, 1959

*W. Edson McKee*, for the plaintiffs.

*Paul A. Bourdon* for the defendant.

**Shangraw, J.** This is a proceeding involving the partition of real estate owned by the parties in equal shares as tenants in common. The case is here on exceptions to the report of the commissioners and to the decree of the chancellor accepting the report.

On July 6, 1950, the plaintiffs, then owners of the premises in question, through George Buttles, a so-called straw man, caused the property to be reconveyed, one third to each plaintiff and defendant as tenants in common. The initial phase of this litigation was by a suit brought by the plaintiffs against the defendant in assumpsit, with specifications and amendment thereto filed, claiming certain sums of money from the defendant for repairs to the premises, upkeep, taxes, improvements, etc. Later a bill of complaint was filed by the plaintiffs and on motion the cause was transferred to equity. Exceptions were allowed defendant. The cause passed to the Supreme Court and on motion and without hearing, the order was affirmed under the rule and the cause remanded. Plaintiffs in their bill of complaint generally alleged that the defendant had failed to pay his one third of all costs of the upkeep of the property, taxes, and improvements, etc., had threatened the plaintiffs with physical violence; that defendant had failed to abide by the terms of his purchase of one third interest in the property; and concluded with a general prayer that the deed be declared null and void for failure of consideration. The defendant filed an answer and cross-petition claiming that the plaintiffs were indebted to him for the use of the property and proceeds derived by the plaintiffs from the sale of timber, gravel, and fill. Defendant also claimed that he was being molested by the plaintiffs in the use of the property, and concluded with a prayer that the indebtedness in his favor be determined and ordered paid; that a partition be made of said real estate; and for injunctive relief. A hearing was held

on the petition and answer and cross-petition. Findings of fact were made. The chancellor found the fair market value of the real estate to be $2100, and that the defendant owned an undivided one third interest therein of the value not to exceed the sum of $700. The chancellor failed to find an indebtedness owing the plaintiffs by the defendant or by the plaintiffs to the defendant. The chancellor found that "Since 1950 relations between these parties have progressively deteriorated and for some time hatred has existed between them and their relations have come to a point of engendering fear of bodily harm and threats of the same." Also that "The relations of the parties are such that any joint occupancy is prevented and is impossible."

A decree was issued by the chancellor dated December 23, 1957, based upon said findings of fact, which decree reads in part as follows:

"1. Petitioner's bill of complaint is dismissed.

"2. Partition is ordered to be made of the real estate described in said bill, cross bill and findings of fact and all necessary proceedings are to be taken and had as provided by Chapter 94 of Title 9, Vermont Statutes, Revision of 1947, such partition to be on the basis of an undivided one-third share to each plaintiff and the defendant, but in the event an assignment or sale is hereafter ordered by the court, the defendant's share shall in no event exceed the sum of $700."

On February 11, 1958 the chancellor issued an order for the appointment of commissioners. No exception was taken by any of the parties to this order of the chancellor. The commissioners' report as filed reads in part as follows:

"That it is our judgment that the premises described in the decree of the court dated December 23, 1957 should be partitioned as follows in accordance with said decree:

"1. An undivided one half interest in that part of said premises which lies on the northerly side of the town road running from Churchville in Hancock to the Quarry Road in Rochester, (which said part constitutes two-thirds in value of the whole

premises) to each of the plaintiffs, Irving Fiske and Isabella D. Fiske; and

"That part of said premises which lies on the southerly side of said road to the defendant, Joachim Probst."

The plaintiffs filed objections to the commissioners' report, which were overruled with exceptions saved to the plaintiffs. The objections are summarized as follows: (1) The commissioners have failed to make partition of the estate by dividing and setting out to each owner his share thereof by metes and bounds as required by §2026, V. S. 47. (2) The commissioners have failed to describe each portion of the estate set off, as provided for by V. S. 47, §2027. (3) The report or return is not in compliance with the decree and order of the chancellor dated the 23rd day of December, 1957, in that such partition was not made on the basis of an undivided one-third share to each plaintiff and the defendant.

A decree was issued by the chancellor on June 23, 1958 accepting the report of the commissioners and reciting therein that each of the plaintiffs owned an undivided one-third interest and the defendant owned an undivided one-third interest in the farm in question located in the Town of Rochester, decreeing that the property "is hereby partitioned and the right, title and interest of the plaintiffs and of the defendants in and to said premises is decreed as provided by and in accordance with said report of commissioners, to wit:

"(a) All that part of said Loren Spencer farm aforesaid which lies on the northerly side of the town road running from Churchville in Hancock to the Quarry Road so-called in Rochester is decreed to the plaintiffs Irving Fiske and Isabella D. Fiske, to each an undivided one-half interest thereof which said part constitutes two-thirds (2/3) of the value of the whole premises, to them and their heirs forever.

"(b) All that part of said Loren Spencer farm which lies on the southerly side of the town road running from Churchville to Hancock to the Quarry Road so-called in Rochester is decreed to the defendant Joachim Probst, to him and his heirs forever."

Reference is then made to the deed of George Buttles to Irving L. Blake and Isabella D. Fiske and Joachim Probst, dated July 6, 1950, recorded in Book 30, Page 254 of the Rochester Land Records. The plaintiffs were allowed exceptions to the decree. The case comes here on exceptions to the report of the commissioners and to the decree of the chancellor. No transcript has been furnished the court. Hence our consideration of the exceptions to the commissioners' report and to the decree is limited to the record before us.

The main point of the plaintiffs' exceptions to the partition ordered is to the effect that the report of the commissioners appointed by the chancellor does not comply with the requirement of V. S. 47, §§2026 and 2027 for want of a description by metes and bounds.

■ The pleadings and the findings make it manifest that this cause is one of equitable jurisdiction. In this State, as in England, the statutory remedy of partition by courts of law is cumulative and concurrent with the original jurisdiction of courts of equity in such causes. See *Conant & Sons* v. *Smith & Bell*, 1 Aiken 67, 68; 40 Am Jur, Partition, §58, pp. 46-47; 68 CJS, Partition, §62, p. 96.

■ Had this cause of action remained in the county court without transfer to equity the procedure prescribed by the statute as to the description by metes and bounds would have been mandatory. But since the action is now in equity, the court of equity exercises its jurisdiction on its own established principles, and by its more flexible modes of procedure. 40 Am Jur, Partition, §58, p. 47, *supra*. The fact that the chancellor mentioned sections 2026 and 2027 in referring this cause to commissioners and followed the statute in their appointment did not bind the court of equity to the precise method of procedure prescribed for the county court.

If there was error in attempting to conform the equitable action to the procedure prescribed for the county court the error was harmless and no prejudice to any of the parties appears. The description of the property set forth in the report and the decree is sufficient to pass title to the parties in accordance with the decree of partition. See *Miller* v. *Mann*, 55 Vt 475, 480.

No sufficient reason has been shown to require a reversal on any of the exceptions briefed and relied upon.
*Decree affirmed.*