## Kathryn Geis v. William J. Vallazza

[ 207 A.2d 248 ]

December Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith, JJ. and Daley, Supr. J.

Opinion Filed February 2, 1965

*Billings and Sherburne* for petitioner.

*Black and Plante* and *Frank G. Mahady* on the brief for petitionee.

**Shangraw, J.** This is a proceeding in chancery involving the partition of real estate located in Hartford, Vermont, owned by the parties as tenants in common.

The petition recites that on October 24, 1957 the property, containing 40 acres, more or less, together with a brick house located thereon, was conveyed to William J. Vallazza, petitionee, and Kathryn Vallazza, petitioner, then husband and wife, as tenants by the entirety. During July 1961, the petitioner was legally divorced from the petitionee in the State of Washington and said real estate was not mentioned in the decree. They then became owners of the premises as tenants in common.

458

In the petition addressed to the Court of Chancery within and for the County of Windsor, State of Vermont, the petitioner, Kathryn Geis, represents that the property cannot be divided without great inconvenience. Further, that a bona fide offer had been received for the premises but that petitioner has been unable to get the petitionee to accept the offer, or if accepted, to agree as to the division of the net proceeds of the sale.

It is also represented in the petition that the petitioner invested in the property the down payment of $1,800.00, and out of her own funds made all of the mortgage payments due the Vermont National and Savings Bank of Woodstock, Vermont since 1957, with the exception of two payments which were made by the petitionee. These mortgage payments were $82.25 monthly. In addition to the foregoing, petitioner alleges that she had paid out further sums from her own funds for taxes and insurance on the property.

The statutory summons which was attached to the petition for partition set forth the petitionee as being of New York, in the County of New York and State of New York. The petition was served on the petitionee personally in Hartford, Vermont. No appearance was entered in court by the petitionee.

Chapter 179, partition of Real Estate, 12 V.S.A. §§5161-5188 sets forth the procedure relating to partition in county court. The petitionee having failed to appear, the chancellor adopted some of the procedural steps contained in the above chapter, entered a judgment of partition, and appointed three commissioners pursuant to the provisions of 12 V.S.A. §5169, et seq. By the order the chancellor directed that partition be made by the commissioners and that notice be given to each party interested, or his agent or attorney of the time when partition was to be made.

The commissioners reported that notice was given the parties pursuant to the order of the chancellor. Further, that they met and talked with the petitionee who pointed out the boundaries of the property to the commissioners. The commissioners reported that it would be impossible to divide the property equally and recommended that the chancellor either order one of the parties involved to take an assignment of the other's interest for a consideration, or order the same to be sold at either public or private sale.

Following this report and recommendation, the chancellor ordered that the report be re-committed to the commissioners. The com-

missioners were therein ordered and instructed to assign the real estate to one of the parties to this action, provided he or she pays to the other party such sum of money and at such time and in such manner as the commissioners judge equitable, all pursuant to 12 V.S.A. §5174.

The commissioners reported that neither of the parties would take an assignment of the other's interest. Thereupon, the chancellor ordered the property sold at public or private sale to the highest purchaser for cash, and authorized the commissioners to execute any and all necessary conveyances to the purchaser. This followed the provisions of 12 V.S.A. §§5175-5176. The proceeds of the sale, minus certain items, were ordered to be deposited with the clerk of the court of chancery for further order as to disposition of the proceeds.

The property was sold and the sum of $7,957.07 was deposited by the commissioners with the clerk as ordered.

The petitioner, Kathryn Geis, then filed a motion in the court of chancery representing that she had personally expended $8,978.73 on the property by way of down payment, mortgage payments, insurance and taxes. It was also stated in the motion that the petitioner had not had the use of the property for more than two years and that the defendant-petitionee had occupied the same; further, that there were certain outstanding obligations and court costs which should be paid.

Upon and after hearing of the petitioner's motion, at which time the petitionee did not appear, the chancellor by order dated December 27, 1963, and filed January 10, 1964, directed the clerk of the Windsor County Court of Chancery to pay a plumbing bill, commissioners' expenses, court costs, attorney's fees and expenses, leaving a balance of $7,301.37. This balance was ordered paid to the petitioner.

On January 30, 1964 the petitionee filed a notice of appeal reciting therein, "The Order appealed from is the Order of Distribution referred to in the Court's Order dated December 27, 1963, and filed January 10, 1964."

The petitionee does not in his brief challenge the justice or fairness of the distribution made of the proceeds derived from the sale of the property in question. He essentially assigns and briefs two grounds of claimed error: first, that the court of chancery was without jurisdiction to order a sale of the property; secondly, that the chancellor failed to appoint an agent for the petitionee which he claims

was required under the provisions of 12 V.S.A. §5167. This section reads:

"When a person interested in the estate is absent from the state and does not appear, by his agent or attorney, after notice as aforesaid, the court shall appoint a disinterested person as agent or such absent party to act in his behalf in making such partition."

We shall first dispose of the second assignment relating to the non-appointment of an agent. Following the order of the chancellor directing that the property be partitioned by the commissioners, the report of the latter reveals that they met and talked with the petitionee, and were shown through the entire residence by him. He also pointed out the boundaries of the property. Following the order of the chancellor that an assignment of the property be made to one of the parties, the commissioners reported that neither of the parties were willing to take an assignment. This would indicate that contact was made with the petitionee by the commissioners on this phase of the proceedings.

While the summons attached to the petition for partition sets up the petitionee as being in New York, service thereof was made on him in Hartford, Vermont. From the foregoing it is clearly apparent that the petitionee had notice of the proceedings and chose to act as his own agent. We cannot construe 12 V.S.A. §5167 to prohibit an out-of-state defendant from appearing pro se. Under the circumstances the appointment of an agent under the provisions of section 5167, supra, was not required. Furthermore, the petitionee make no claim that he was absent from the State of Vermont during the proceedings, nor has he pointed out wherein prejudice appears.

In dealing with the first assignment of error the petitionee urges that partition by sale is purely a statutory right, and that all requirements of the statute must be complied with. By this, it is claimed that only a county court has such authority under Chapter 179, supra, and that a court of equity has no such authority.

In this State, as in England, the statutory remedy of partition by courts of law is cumulative and concurrent with the original jurisdiction of courts of equity in partition proceedings. *Fiske* v. *Probst,* 121 Vt. 93, 97, 147 A.2d 680. See, *Conant & Sons* v. *Smith & Bell,* 1 Aiken, 67, 68; 48 Am. Jur. Partition, §58, pp. 46-47; 68

C.J.S. Partition, §62, p. 96. The statutory remedy of partition is generally held to be cumulative and not to supersede original jurisdiction in equity. *Henkel* v. *Henkel,* 282 Mich. 473, 276 N.W. 522.

Where equity has concurrent jurisdiction, it has been held that it will exercise the same on its own established principles, and with the use of its own better-adapted and more flexible modes of procedure. *Fiske* v. *Probst,* supra, p. 97 ; 40 Am. Jur., supra, at p. 47.

Under a petition addressed to a county court such court has authority to order a sale in partition proceedings where it is impractical to partition in kind, and where interested parties will not take an assignment. See, section 5175, supra, and related sections 5171 and 5174. In this case the chancellor adopted the steps provided in Chapter 179, supra, of which the above sections are a part.

It becomes manifest from the reports of the commissioners and the orders of the chancellor that a physical division of the property was impracticable, and that neither of the parties would accept an assignment. A sale of the property was the remaining alternative. While the law favors a partition in kind, rather than by sale, when the statutory requirements are met a sale becomes a matter of right, though one or another of the owners objects. *Blanchard* v. *Cross,* 97 Vt. 370, 373, 123 Atl. 382.

The chancellor ordered a sale of the property. The precise question presented is—did he have such authority? In referring to 68 C.J.S., supra, §62 c (1) we find this language: "Where the remedy is created by statute, the statutes have been construed as providing for a cumulative remedy only, unless the jurisdiction of the court of equity is restricted or abrogated either in express terms or by necessary implication from the language employed. . . ." General equity powers were neither abrogated nor destroyed by the statutory provisions controlling the procedure in county court in partition proceedings. Courts of equity were not ousted of their inherent equity jurisdiction in such cases.

In the case of *Fiske* v. *Probst,* supra, a partition proceeding was brought before the court of chancery, and in that case partition by allotment was ordered. While the chancellor appointed commissioners to make a partition of the property, followed by a decree of the chancellor accepting the report and decreeing division of the property, this Court, at page 97, held that the statutory method of

partition in county courts did not bind "the court of equity to the precise method of procedure prescribed for county courts." In other words, relief in equity can be administered on equitable principles. This, the chancellor did in the case now considered—the equities of which are not questioned.

We hold that the court of chancery had inherent power and jurisdiction to order the sale and provide for an equitable distribution of the proceeds derived therefrom. No error appears.

*The decree of the chancellor is affirmed.*