414

## Elwin L. Bresette, Vivian Gannon and Olive Williams v. Rose M. Bresette

[296 A.2d 185]

No. 113-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Burgess & Kilmurry,* Montpelier, for Plaintiffs.

*Theriault & Joslin,* Montpelier, for Defendant.

Shangraw, C.J. This is a petition brought by Elwin L. Bresette, plaintiff, during September 1969, seeking a declaratory judgment and other equitable relief. He was later joined in this litigation by his two sisters, Vivian Gannon and Olive Williams, as parties plaintiffs.

On July 31, 1962, Wilbert Bresette died intestate, and at that time he was married to the defendant, Rose Bresette. He then had three children by a former marriage, Elwin L. Bresette, Vivian Gannon and Olive Williams.

Mr. Bresette operated an incorporated plumbing and heating business in Montpelier, Vermont, known as United Plumbing and Heating, Inc., and at the time of his death he owned 750 of the 811 outstanding shares of stock of the corporation.

Between August, 1962, and December, 1966, the defendant-appellee, as administratrix of the estate of Wilbert Bresette, and as president of the corporation, operated the plumbing and heating business and sold off its personal and real property.

The petition alleged the defendant committed numerous improprieties by improperly disposing corporate assets, by failing to render an accounting of corporate funds, and by failing

to pay the corporation for her personal use of a portion of the corporate real estate.

It was agreed by the parties to submit to Waldo C. Holden, Esq., of Bennington, Vermont, as a Master, the following issues:

1. Accounting of the assets of the United Plumbing and Heating, Inc., from August 1962, until the corporation ceased to do business.

2. To determine the validity and the facts in connection therewith concerning the sale of the corporate assets both real and personal.

3. To find facts in connection with any rights of the plaintiff, Elwin L. Bresette, as a minor stockholder in the United Plumbing and Heating, Inc.

Accordingly, a rule of reference was issued to Attorney Holden on April 12, 1971. Master Holden took evidence and on May 20, 1971, he issued his Findings and Report.

On June 7, 1971, the report of the Master came on for hearing before the court. All parties were then represented by counsel. No request was made for further evidence nor were any exceptions taken to the report. In fact, it was accepted without objection by all parties. The report of the Master was accepted by the court, and on July 6, 1971, the presiding judge issued a decree.

The decree states that the sales of the personal property and real estate of United Plumbing and Heating, Inc., by the defendant were proper and substantially complied with the provisions of the law. It also provides that the defendant has accounted for all of the corporate assets and liabilities and expenditures of monies therefrom in connection with the corporation from August 1962 until it ceased to do business.

The decree continues by stating that the defendant, in connection with the business dealings of the corporation, has improperly expended for her own use the sum of $4,385.35. All other sums expended by the defendant, between the period August, 1962, and April 30, 1971, in connection with the corporation were determined to be proper and in conformity with the law.

Finally, the decree directed that the defendant, from the above indicated sum of $4,385.35, pay to the plaintiffs in ac-

cordance with their stock interest in the corporation, the following: Elwin L. Bresette, $1,092.00, and to Vivian Gannon and Olive Williams, each the sum of $975.00.

The above decree of July 6, 1971, was amended by a Judgment Order dated July 16, 1971. This amendment provides that from and out of the corporation savings account of $4,351.92 in the Montpelier National Bank, that, in accordance with the stock interest of the plaintiffs, the defendant was ordered to pay Elwin L. Bresette the sum of $1,001.64, and to Vivian Gannon and Olive Williams, each the sum of $894.32.

Plaintiff, Elwin L. Bresette, has appealed to this Court from the above Judgment Order of July 16, 1971.

■ No objections were made to the Master's report. It was accepted by the court and is conclusive of the facts in issue so submitted under the rule of reference to the Master. *Luce* v. *Brown*, 96 Vt. 140, 141, 118 A. 530 (1922).

No briefs were filed by Vivian Gannon or Olive Williams. Plaintiff, Elwin L. Bresette, contends in his brief that the final orders of the court deviate from the Master's report and fail to allow him to recover certain amounts.

■ The report reveals that the defendant made personal withdrawals from the business amounting to $4,385.35. Bresette makes claim for this total sum. By the decree of July 6, 1971, the court determined that such withdrawals were improperly expended by the defendant for her personal use. In considering Mr. Bresette's stock interest in the corporation, the court, in its decree, directed payment to him by the defendant of $1,092.00. He presents no argument why he should be entitled to the entire sum of $4,385.35 nor does there appear any legal justification for such claim. The claim is without merit.

Paragraph 6 of the Master's report reveals that the defendant continued to occupy the apartment, rent free, after the death of her husband, Wilbert Bresette, until the real estate was sold December 20, 1966, a period of 219 weeks. Thereafter she continued occupying the apartment, paying a monthly rental of $75.00 to the owners. It is the appellant's contention that, as fair rental, this created an indebtedness by de-

fendant to the corporation of $4,106.25 for which she should account.

The business was operated primarily by Wilbert N. Bresette, until his death on July 31, 1962. The Bresettes occupied, rent free, four rooms on the ground floor. Two other rooms on the ground floor of the building were used for purposes of the business. An upstairs apartment was rented to others. Following her husband's death, the defendant was in charge of the conduct and liquidation of the business.

The Master's report contains no statement as to whether or not the occupancy of the apartment by defendant was proper for business purposes. Its use by the defendant may have been necessary and proper, as part of defendant's compensation, in winding up the affairs of the corporation. Her weekly salary was $50.00. In the absence of a finding that her occupancy was unrelated to the corporate business, it must be presumed that the defendant acted properly for business purposes and incurred no indebtedness to the corporation for this occupancy. The defendant is entitled to the benefit of the presumption of regularity. *Capital Garage Co.* v. *Powell, et al.,* 96 Vt. 145, 149, 118 A. 524 (1922).

Next, appellant contends that the defendant has not accounted for $5,098.21 that she took in while managing the corporate business. Finding 7 of the Master's report states that the "avails" from winding up the business "were deposited to the United account." This statement supports paragraph 3 of the Decree of July 6, 1971, which states: "That Rose M. Bresette has accounted for all of the corporate assets and liabilities and expenditures of monies therefrom in connection with United Plumbing and Heating, Inc., from August 1962 until such time as said corporation ceased to do business." "Findings of fact shall not be set aside unless clearly erroneous. . . . The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court." V.R.C.P., Rule 52(a).

Lastly, it is urged that the defendant is further indebted to the corporation in the sum of $11,347.09 representing payments claimed to have been made by Mrs. Bresette for noncorporate purposes. We now consider these items in the following order.

(1) Notes of Wilbert and United Plumb-
ing and Heating, Inc.                    $4,537.36

For all that appears of record the one note of $1,880., included in the above and signed by Wilbert, may have been a loan made for the benefit of the corporation and the plaintiffs have not demonstrated otherwise.

(2) Weekly checks drawn on the busi-
ness as defendant's weekly salary of $50.00
while conducting the affairs of the corpora-
tion.                                    $5,207.73

No claim is made that this salary was unnecessary or unreasonable. Mrs. Bresette assumed the responsibility of operating and closing out the corporate affairs of the corporation following her husband's decease. Mr. Bresette died in July, 1962. The corporate real estate was not sold until December 20, 1966. The withdrawals for salary only covered the period from July 31, 1962, until December 31, 1964. We cannot say that these withdrawals were unreasonable, and the court made no finding to this effect.

The Master's findings contain no statement that would support a decree that the foregoing payments (1) and (2) made by Mrs. Bresette were for noncorporate purposes.

(3) Funeral and medical expenses of
Wilbert and probate bond.                $1,602.00

The funeral expenses of Wilbert and the probate bond may have been more properly paid out of estate, rather than from corporate, funds. As a stockholder at the time of Wilbert's decease, plaintiff Elwin's interest was minimal. By virtue of the decree of the Probate Court, it has not been demonstrated in what manner, or extent, plaintiffs have sustained any ultimate loss resulting from the payment of $1,602.00 by the corporation rather than from the assets of the estate. Had the foregoing expenses been paid by the estate, plaintiffs' interests therein on distribution would have been thereby lessened, with no material difference in the net financial result to them.

At the time of the death of Wilbert the 811 shares of outstanding stock of United Plumbing and Heating, Inc., were held as follows:

| | | |
|---|---|---|
| 750 shares | | Estate of Wilbert |
| 20 " | | Rose |
| 20 " | | Earl Barton |
| 20 " | | Elwin |
| 1 " | | Attorney Joslin |

In the settlement of Wilbert's estate, the 750 shares of common stock were inventoried at $33.15 per share.

Under the Order and Decree in the Estate of Wilbert N. Bresette issued by the Probate Court for the District of Washington and dated April 23, 1970, distribution of the stock held by the estate was ordered as follows:

> "THEREFORE, it is ordered that the Administratrix pay over and deliver said shares as follows: One-third in value of the stock named in said residue to the said Rose Bresette, and two-ninths in value to the said Vivian Gannon, Olive Williams and Elwin Bresette, to each of them, the aforesaid being entitled thereto according to law."

We find no occasion to disturb the Decree of July 6, 1971, or the Judgment Order of July 16, 1971.

*Affirmed.*