## Michael Taran v. Vermont Structural Slate Co., Inc.

[431 A.2d 448]

No. 152-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed April 7, 1981

*DeBonis & Wright, P.C.*, Poultney, for Plaintiff.

*Williams, Williams & Vreeland, P.C.*, Poultney, for Defendant.

**Billings, J.** This is an appeal by the plaintiff, Michael Taran, from a judgment by virtue of a petition for partition and ac-

counting. In 1971 the plaintiff purchased a one-eighth interest in a slate quarry. The defendant, Vermont Structural Slate Company, was co-owner of the quarry, having purchased its seven-eighth interest in 1965. Between 1968 and 1975 the defendant operated the quarry and removed a substantial portion of slate. The property involved consists of a rectangular area with a length of 1155 feet and a width of 1285 feet on which is located an open pit and slag yard. Only the northernmost 338 feet remain undeveloped. The plaintiff owns other quarry property abutting on the north. Pursuant to 12 V.S.A. § 5169, the petition was referred to three commissioners. Based on the evidence presented and a view of the property involved, the commissioners determined that the property was partitionable in kind and then proceeded to set off the property to the parties based on their respective interests. The defendant then moved the trial court to recommit the commissioners' report for more detailed description of the parcels awarded. At the same time the plaintiff moved to recommit the report on the basis that the parcels as laid out were "arbitrary and unreasonable." The trial court then recommitted the report with directions to give a more precise description and the following specific instruction: "If the Commissioners find upon consideration of this Order that the real estate cannot be divided in accordance with the same without great inconvenience to the parties interested, they should so report to the Court."

Upon hearing on recommittal, the parties presented evidence as to an equitable division of the property. The commissioners again specifically determined that the property could be partitioned and gave a detailed description of the parcels as originally divided. Thereupon the plaintiff objected to the report and for the first time requested that a sale be ordered. The trial court entered judgment on the recommittal report. In the original complaint the plaintiff sought an accounting of the monies due plaintiff from the defendant's quarrying operations, and by agreement the matter was referred to a master. V.R.C.P. 53 (b) (1). Neither party reserved the right to object to the master's report. After hearing, the master made detailed findings of fact and concluded that the defendant's quarrying operations resulted in a net loss and therefore the defendant owed the plaintiff nothing. The trial court ac-

cepted the report of the master and entered judgment. From the resulting judgment as to partition and as to the accounting, plaintiff now appeals.

Partition in kind is favored over partition by sale, but where the statutory requirements of a partition by sale are met, a sale becomes a matter of right. *Geis* v. *Vallazza,* 124 Vt. 457, 461, 207 A.2d 248, 252 (1965); *Blanchard* v. *Cross,* 97 Vt. 370, 373, 123 A. 382, 383 (1924). A partition by sale may be ordered only when there is a showing that the property cannot be divided without great inconvenience to the owners. 12 V.S.A. § 5174. *Blanchard* v. *Cross, supra.* The plaintiff, however, claims that as a matter of law mineral lands are not susceptible of partition in kind, and partition must be by sale. Courts have generally held, however, that partition in kind is appropriate for mineral lands unless such a partition would prejudice one of the parties. See, e.g., *Tuggle* v. *Davis,* 292 Ky. 27, 165 S.W.2d 844 (1942); *Wolfe* v. *Stanford,* 179 Okla. 27, 64 P.2d 335 (1937); *Smith* v. *Greene,* 76 W. Va. 276, 85 S.E. 537 (1915). Here the commissioners found initially and upon recommittal that the property could be partitioned. This finding was accepted by the trial court and therefore must be treated as if it were a finding made by that court. V.R.C.P. 52; *Darling* v. *Ennis,* 138 Vt. 311, 415 A.2d 228 (1980). Findings of fact are not to be set aside unless clearly erroneous. V.R.C.P. 52; *Darling* v. *Ennis, supra.* The partition judgment in kind as decreed by the trial court is without error.

The plaintiff also argues that the defendant must account for the minerals removed from the common property during the period of their co-tenancy. The master found that since the defendant's operation lost money, the plaintiff was not entitled to an accounting or any monies to be paid thereon. The plaintiff argues that he is entitled to receive from the defendant his share of the fair market value of the slate *in situ. In re Fulmer,* 128 Pa. 24, 18 A. 493 (1889). We need not determine which measure of liability is correct, however. There is no evidence in the record as to the reasonable value of the slate in place. The plaintiff, having failed to sustain his burden in seeking damages and an accounting, is not entitled to a judgment of accounting here.

██ In addition it should be noted that the accounting issue was referred to a master by agreement, V.R.C.P. 53(b)(1), and neither party reserved the right to object to the findings of the master. The master's conclusions of law and findings of fact are therefore conclusive. V.R.C.P. 53(e)(2)(i); *Bresette* v. *Bresette,* 130 Vt. 414, 296 A.2d 185 (1972).

*Affirmed.*