In re Sandra L. **RISHEL,**
Debtor/Plaintiff,

v.

James T. **RISHEL [Co-owner], Beatrice Berti, [Co-Owner], Integra Bank/Pittsburgh, successor by merger to Landmark Savings Association and Gary J. Gaertner, Trustee.**

Bankruptcy No. 92–25376 JLC.
Adv. No. 94–2047.

United States Bankruptcy Court,
W.D. Pennsylvania.

April 20, 1994.

Francis E. Corbett, Pittsburgh, PA, for debtor/plaintiff.

Gary J. Gaertner, Pittsburgh, PA, Trustee.

David F. Alpern, Pittsburgh, PA, for B. Berti.

Dorothy E. Voelker, Pittsburgh, PA, for Integra Bank/Pgh.

### MEMORANDUM OPINION

JOSEPH L. COSETTI, Chief Judge.

The issue before the court is whether Sandra L. Rishel's ("Debtor") attorneys' fees are considered to be "compensation of the trustee" within the meaning of 11 U.S.C. § 363(j), thus disallowing the payment of attorneys' fees as a cost and expense of the sale of property. After careful consideration and for the reasons stated below, the court determines that when a debtor brings a sale of property as the co-owner of the property, the debtor is acting in the capacity of a trustee. Therefore, the debtor's attorney cannot collect fees from the co-owners' proceeds from the sale.

On February 8, 1994, the Debtor filed a Complaint To Sell Real Property Free And Clear Of All Liens And Encumbrances And Interests Of Co–Owners. In the complaint, the Debtor sought authority to sell certain real property located in the Borough of Sewickley, Pennsylvania ("Property") pursuant to her Chapter 13 plan and 11 U.S.C. § 1322(b)(8). The Chapter 13 trustee was not a party to the complaint, nor did the Chapter 13 trustee object to the sale.

The Debtor's complaint asserts that the Debtor's estranged husband, James T. Rishel, and the Debtor's sister, Beatrice Berti, are co-owners of the Property and their interests would be sold pursuant to 11 U.S.C. § 363(h)[1] free and clear of all liens and creditors' interests. In addition, the complaint outlined the sale agreement between the Debtor and the purchasers, including the $50,000 purchase price and how the Debtor proposed to distribute the proceeds of the

---

1. 11 U.S.C. § 363(h) states:

Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
    (1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interest of such co-owners;
(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

sale at closing. Included in the proposed distribution are the pro-rata payment of the Debtor's attorneys' fees in the amount of $1,500.

On April 6, 1994, the court held a hearing on the Debtor's complaint. Defendant Beatrice Berti objected to the Debtor's proposed pro-rata payment of her attorneys' fees from the sale proceeds. Berti argues that these fees should be paid solely from the Debtor's share of the sale proceeds.

■ Section 363(j) states that "[a]fter a sale of property to which subsection (g) or (h) of this section applies, *the trustee* shall distribute to the debtor's spouse or co-owner of such property ... the proceeds of such sale, *less the costs and expenses, not including any compensation of the trustee,* of such sale, according to the interests of such spouse or co-owners ..." 11 U.S.C. § 363(j) (emphasis added). Therefore, §§ 363(j), (g) and (h) presume that the trustee will have brought the sale (under § 363(b)) and requires the trustee to distribute the proceeds of a sale, according to § 363(j) which provides that the co-owner's proceeds may be charged with the costs of sale, but not with any compensation to the trustee.

There is little legislative history and sparse case law regarding § 363(j) to help the court decide whether Congress intended a Chapter 13 Debtor to be considered a "trustee" for the purposes of § 363. Unlike Chapters 11 and 12 of the Bankruptcy Code where the debtor is a "debtor-in-possession" with the expenses and powers of a trustee, in a Chapter 13 case there is no debtor-in-possession or trustee language. *See* 1 D. Epstein, *Bankruptcy,* § 6–2 at 501 (1992). However, there is similar language, where 11 U.S.C. § 1303 expressly grants the Chapter 13 debtor certain trustee powers. Section 1303 states that "[s]ubject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(1), of this title." The legislative history of § 1303 explains that the purpose of this section was to identify the "rights and powers that the debtor has exclusive of the trustee" without implying "that the debtor does not also pos-

sess other powers concurrently with the trustee." *Id.* at 501–502 (citing 124 Cong. Rec. 32,409 (1978) (remarks of Rep. Edwards)).

Although the trustee powers given to a Chapter 13 debtor pursuant to § 1303 do not specifically include subsection (h) or (j), the statute § 363(h) states that "the trustee may sell both the estate's interest, *under subsection (b)* or (c) of this section...." Therefore, the effect of § 363(h) is to grant the trustee authority to sell property of a debtor by virtue of § 363(b). Subsection (b) of § 363 is specifically included in § 1303. The debtor has the power of a trustee under 11 U.S.C. § 363(b) which is incorporated into 11 U.S.C. § 363(h).

Based on the legislative history of 11 U.S.C. §§ 363(h), 363(j) and 1303, and the actual language of these Bankruptcy Code sections, the court finds that the Congressional scheme intended a Chapter 13 debtor to step into the shoes of the Chapter 13 trustee when the debtor utilizes either § 363(h) or § 363(j). Accordingly, the attorneys' fees for the Debtor must be paid by the Debtor's sole share of the sale proceeds and not pro-rata.

■ Further, because the court has not approved of the amount of the fee, the requested $1,500 is to be paid to the Chapter 13 trustee from the Debtor's share of the sale proceeds and the Debtor's attorney must file an application for the fees in accordance with the Local Bankruptcy Rules. The Debtor's attorney has 20 days or until May 10, 1994 to file an application for the fee.

### ORDER OF COURT

ON THIS 20th day of April, 1994, it is hereby ORDERED, ADJUDGED and DECREED that "compensation of the trustee" for the purposes of 11 U.S.C. § 363(j) includes the debtor's attorneys' fees. Therefore, co-owners of the Debtor's real property sold pursuant to 11 U.S.C. § 363(h) are not required to pay a pro-rata share of the Debtor's attorneys' fees. At Pittsburgh, Pennsylvania.