**In re Gene LOWERY, Debtor.**

**Bankruptcy No. 95–1–7261–DK.**

United States Bankruptcy Court,
D. Maryland.

Dec. 20, 1996.

Howard E. Goldman, Laurel, MD, for plaintiff.

Michael G. Wolff, Rockville, MD, for debtor.

Thomas L. Lackey, Chapter 13 Trustee, Bowie, MD.

## ORDER DENYING SALE OF PROPERTY

DUNCAN W. KEIR, Bankruptcy Judge.

Barbara Lowery ("Movant") filed a motion requesting the Court to authorize the sale of Gene Lowery's ("Debtor") interest in two parcels of real property ("Property"). The Property is described as 9.5 acres of raw land located in Alleghany County, and a residence located at 21611 Slidell Road, Boyds, Maryland. For the reasons set forth herein, this motion is denied.

The Property is held jointly by the Movant and the Debtor. When the Debtor filed for bankruptcy on November 17, 1995, the Property was held by the parties as tenants by the entirety. Although the Debtor's interest in the Property became part of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1), it was exempted as to non-joint creditors pursuant to 11 U.S.C. § 522(b)(2)(B). *Sumy v. Schlossberg*, 777 F.2d 921, 925 (4th Cir.1985); *Greenblatt v. Ford*, 638 F.2d 14 (4th Cir. 1981). On June 17, 1996, the parties were granted a divorce by the Circuit Court for Montgomery County, Maryland ("Circuit Court"). The Order granting divorce provides for the appointment of a trustee to sell the Property upon approval of this Bankruptcy Court.

The Movant requests this Court's authorization for the sale of the Debtor's interest in the Property. Movant asserts that upon issuance of the final divorce Order, the Movant and Debtor no longer owned the Property as tenants by the entirety, but instead as tenants in common. Movant further asserts that the Debtor's interest as tenant in common is property of the bankruptcy estate subject to the jurisdiction of this Court. Hence, Movant asks this Court to allow a non-debtor movant to sell the Property. The Debtor opposes Movant's motion on the grounds that this Court does not have jurisdiction to order the sale of Movant's interest in the Property.

The issue before this Court is whether the Court may authorize the sale of a Chapter 13 debtor's interest in property held by a debtor and non-debtor at the time of the bankruptcy filing as tenants by the entirety, at the request of the non-debtor after the parties subsequently divorce. The power of this Court to authorize such a sale depends first on what interest, if any, the bankruptcy estate has in a debtor's interest in such property after a divorce. If the bankruptcy estate does have an interest in such property, this Court must then determine if it has the power to authorize the sale of such property at the request of the non-debtor party.

■ For the reasons set forth below, this Court finds that the Debtor's interest in the Property following the divorce is part of the bankruptcy estate. In Maryland, a tenancy by the entirety converts into a tenancy in common upon the dissolution of marriage. *Tucker v. Dudley*, 223 Md. 467, 164 A.2d 891 (1960); *Hall v. Hall*, 32 Md.App. 363, 362 A.2d 648, 659 (1976). Therefore, pursuant to Maryland law, the Debtor's divorce converted his interest in the Property held as tenant by the entirety to an interest held as tenant in common. Upon the conversion of the tenancies, the Debtor either acquired a new interest in property at the time of conversion, or instead, maintained his old interest in converted form. In either case, the Debtor's interest in the Property as tenant in common is part of the bankruptcy estate.

The severance of the tenancy by the entirety does not create a newly acquired property interest. This conclusion is consistent with the holding of the United States Court of Appeals for the Fourth Circuit in *In re*

*Ballard,* 65 F.3d 367 (4th Cir.1995). In *Ballard,* the debtor and his co-debtor wife filed under Chapter 11. The filing was later converted to Chapter 7. Before the case was converted, upon request of the debtors in possession the Court authorized a sale of property held by the debtors as tenants by the entirety. The Court stated that the sale proceeds continued to be held as tenants by the entirety. After the sale of the property, but before the case was converted, the co-debtor wife died. Because applicable state law allowed only joint creditors to reach property held by the entirety, the issue arose as to whether this restriction extended to the sale proceeds after the death of one of the parties. *See Ragsdale v. Genesco, Inc.,* 674 F.2d 277, 279 (4th Cir.1989). The Fourth Circuit held that it did not. *In re Ballard,* 65 F.3d at 371. The Court reasoned that by operation of state law, the whole estate of the entireties remained in the debtor by virtue of the right of survivorship. This interest was not a newly acquired interest, but rather was a result of the original interest the debtor held. *Id.* at 371. Further, although the severance of the entireties estate did not vest the debtor with a new interest in property, the severance did lift the protections against the property interest the debtor held by virtue of the entireties status. The Court stated that:

> Of course, we recognize that the unique character of entireties property is such that the death of one spouse does not vest the other with interests he or she did not already hold. The termination of coverture does, however, extinguish the "separate and distinct" juristic personality that underlies those restrictions on alienation unique to entireties property. Thus, Mrs. Ballard's death released her surviving spouse, and thus, his bankruptcy estate, from all conditions of the tenancy conceived to preserve unity of entireties property.

*Id.* at 371–72 (citations omitted).

██ The *Ballard* opinion stands for the proposition that the severance of a tenancy by the entirety upon the death of a co-owner extinguishes the protections that the Bankruptcy Code offers such tenancies under 11 U.S.C. § 522(b)(2)(B). The property does not leave or reenter the estate, but instead remains with the debtor in converted form.

██ Under the same reasoning, where an interest in property is held as a tenant by the entirety and that interest is transformed upon divorce to an interest held as a tenant in common, the debtor's tenant in common interest also remains in the estate. In *Ballard,* the tenancy by the entirety status was severed by death under Virginia law. Similarly in this case, the tenancy by the entirety was severed by divorce under Maryland law. *Tucker v. Dudley,* 223 Md. 467, 164 A.2d 891 (Md.1960); *Hall v. Hall,* 32 Md.App. 363, 384, 362 A.2d 648, 659 (1976). Although the tenancy was severed by divorce and not death, the applicable case law states that the divorce operates to "convert their respective interests therein to that of tenants in common." *Hall v. Hall,* 32 Md.App. at 384, 362 A.2d at 659 (emphasis added) (citations omitted). The Debtor's interest is still in property that initially came into the estate pursuant to 11 U.S.C. § 541(a)(1). The effect of the change of the property's character to a tenancy in common merely extinguishes the protections offered by § 522(b)(2)(B).

Even if the severance of the tenancy by the entireties created a new interest in the property, this interest is part of the bankruptcy estate pursuant to 11 U.S.C. § 1306(a)(1). Section 1306(a)(1) provides that: "Property of the estate includes, in addition to property specified in Section 541 of this title all property of the kind specified in such section that the debtor acquires after the commencement of the case...." *Id.* (emphasis added).

Concluding that the Debtor's interest in the Property held as tenant in common is part of the bankruptcy estate, this Court must now decide whether it can authorize the sale of the Property at the Movant's request. For the reasons set forth below, this Court holds that it cannot.

██ Under limited circumstances, the Bankruptcy Code allows for the sale of an estate's and a co-owner's interests in jointly held property. Section 363(h) grants such a power to a trustee: "the trustee may sell

both the estate's interest ... and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety...." 11 U.S.C. § 363(h).

 A Chapter 13 debtor may have this trustee power. A Chapter 13 debtor is given the exclusive rights and powers of a trustee to act pursuant to §§ 363(b), (d), (e), (f), and (*l*). 11 U.S.C. § 1303. In spite of the seemingly limited language in § 1303, however, a debtor may have the power to invoke § 363(h) as well. *See In re Rishel,* 166 B.R. 276 (Bankr.W.D.Pa.1994). The Bankruptcy Court for the Western District of Pennsylvania held that when a debtor sells property as a co-owner pursuant to § 363(h), the debtor is acting as trustee and is required to comply with the restraints placed on trustees in § 363(j). *Id.* The Court stated that "the effect of § 363(h) is to grant the trustee authority to sell property of a debtor by virtue of § 363(b). Subsection (b) of § 363 is specifically included in § 1303. The debtor has the power of a trustee under 11 U.S.C. § 363(b) which is incorporated into 11 U.S.C. § 363(h)." *Id.* at 278; *see also In re Yakubesin,* 83 B.R. 462 (Bankr.S.D.Ohio 1988); *In re Janoff,* 54 B.R. 741 (Bankr.D.N.J.1985).

However, this Court finds that the Bankruptcy Code does not grant a non-debtor co-owner such right. Accordingly, this Court does not have the power to grant Movant's motion for authority to sell the Property.

 Under state law, the Circuit Court had the power to order a partition or sale of property owned by two parties in an action for divorce. Md.Code.Ann., Fam.Law § 8–202(b)(2) (1991 & Supp.1996). Such an order was entered by the Circuit Court before the bankruptcy petition was filed. However, upon the filing of the bankruptcy petition, partition and sale actions against the Property are stayed by § 362 of the Bankruptcy Code. Section 362(a)(3) provides that the filing of a petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

Upon a motion for relief from stay, the stay on an act to exercise control over property of the estate can be lifted by the court after notice and a hearing. 11 U.S.C. § 362(d). No such motion has been filed. Until or unless relief from stay is obtained, the state court ordered sale action cannot proceed.

ORDERED, that Movant's Motion to Authorize Sale of Barbara J. Lowery's Property is hereby DENIED.